UNITED STATES of America,
Plaintiff–Appellee,

v.

Lawrence COHEN, Defendant–
Appellant.

United States of America,
Plaintiff–Appellee,

v.

Irwin A. Schiff, Defendant–Appellant.

United States of America,
Plaintiff–Appellee,

v.

Cynthia Neun, Defendant–Appellant.

Nos. 06–10145, 06–10199, 06–10201.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 5, 2007.

Filed Dec. 26, 2007.

Mark S. Determan, Esq., Alan Hecht-kopf, Esq., Brian D. Galle, Esq., Washington, DC, for Plaintiff-Appellee United States of America.

Michael V. Cristalli, Esq., Cristalli & Saggese, Las Vegas, NV, for Defendant–Appellant Cynthia Neun.

Michael B. Nash, Esq., Attorney at Law, Chicago, IL, Sheldon R. Waxman, South Haven, MI, for Defendant–Appellant Irwin A. Schiff.

Chad A. Bowers, Esq., Law Offices of Chad A. Bowers, Ltd., Las Vegas, NV, for Defendant–Appellant Lawrence Cohen.

Before: THOMAS, TALLMAN, and IKUTA, Circuit Judges.

MEMORANDUM *

Irwin Schiff and Cynthia Neun appeal various issues arising from their convictions following a jury trial, and Schiff ap-

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

peals his sentence.[1] We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm as to all issues addressed here.

■ First, the district court did not err by failing *sua sponte* to hold a competency hearing for Schiff. The evidence before the district court did not raise a bona fide doubt as to Schiff's competence to stand trial. *See Odle v. Woodford*, 238 F.3d 1084, 1087 (9th Cir.2001). Although Schiff submitted reports from two doctors that he suffered from a delusional personality disorder, those reports do not establish any connection between Schiff's delusional views about tax laws and his ability to understand the charges against him or to defend himself at trial. We are satisfied that the record shows Schiff was legally competent.

■ Second, Schiff's waiver of the right to counsel was knowing, intelligent and unequivocal. *See United States v. Arlt*, 41 F.3d 516, 519–20 (9th Cir.1994). At the first *Faretta* hearing, the magistrate judge extensively discussed with Schiff the nature of the charges against him, the possible penalties, and the dangers and disadvantages of self-representation. *See United States v. Farhad*, 190 F.3d 1097, 1098–99 (9th Cir.1999). At the second *Faretta* hearing, Schiff vacillated between wanting a lawyer to represent him, wanting a lawyer to defend as to some but not all parts of the trial, wanting standby counsel, and wanting to represent himself without the assistance of standby counsel. He had the right under the Constitution to do so. Ultimately, Schiff made up his mind and chose the last option. We believe that his decision was the product of deliberation, not "caprice," *Adams v. Carroll*, 875 F.2d 1441, 1445 (9th Cir.1989), thoughtlessness, or "emotional outburst." *See United States v. Hernandez*, 203 F.3d 614, 621 (9th Cir.2000). Therefore, his waiver was valid.

■ Third, the district judge correctly denied Schiff's motion to recuse. The motion was untimely, and there was no evidence that would cause "a reasonable person with knowledge of all the facts" to question the judge's impartiality. *Clemens v. U.S. Dist. Ct.*, 428 F.3d 1175, 1178 (9th Cir.2005) (internal quotation marks omitted).

■ Fourth, we reject Schiff's argument that the evidence against him was insufficient to support the guilty verdict. The evidence of his guilt was overwhelming, particularly the evidence that he intended to deceive the government through the use of "zero returns." A reasonable finder of fact could conclude that each element of the crimes charged was established by the evidence beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

■ Fifth, the district court did not abuse its discretion in denying Neun's motion to sever. Neun fails to point to a specific trial right that was compromised, or even to explain how she was prejudiced by the joint trial. *See Zafiro v. United States*, 506 U.S. 534, 539, 113 S.Ct. 933, 122 L.Ed.2d 317 (1993). She has demonstrated nothing more than an abstract pos-

---

1. This memorandum disposition does not address any issues raised by Appellant Lawrence Cohen. His conviction is reversed and his sentence is vacated for reasons discussed in the accompanying published opinion. Nor does this memorandum disposition address Schiff's fifteen criminal contempt convictions and the sentences he received for those con- victions. Those convictions and sentences are addressed in the accompanying published opinion. There, we vacate the contempt convictions and remand to allow the district court to appropriately certify the contumacious behavior under Federal Rule of Criminal Procedure 42(b) before re-imposing Schiff's convictions and punishment.

sibility that the jury perceived a connection between Schiff's courtroom antics and her defense that notwithstanding Schiff's behavior, her erroneous views about federal income tax laws were sincerely held.

■ Sixth, the district court properly excluded a letter by a Nebraska attorney that purportedly endorsed Neun's erroneous views that she was not violating the tax code. The letter was irrelevant because there was no evidence that Neun relied on it in forming her allegedly good faith belief in the legality of the zero return. Also, the letter posed a substantial danger of prejudice because it was written by an attorney and contained misstatements of the law.

Seventh, we find no error in the district judge's behavior at trial. Schiff argues that the district court waited too long to rule on certain pre-trial motions. Virtually all of those motions were untimely, and with respect to the timely ones, the magistrate judge promptly recommended denial of the motions because they were frivolous. Although the district court did not actually adopt the magistrate judge's recommendations until shortly before trial, Schiff could not have had a realistic expectation that the district court would reject the magistrate judge's recommendations and hold, for example, that the Constitution does not grant Congress the power to impose direct income taxes. Moreover, Schiff failed to ask for a continuance, and he fails on appeal to articulate how he was prejudiced by the delay.

■ Schiff is incorrect that he was prejudiced by the district judge's "intemperate remarks." With one exception, all of those remarks occurred outside the presence of the jury and therefore could not have prejudiced Schiff. Only one allegedly intemperate remark occurred in the jury's presence, and that remark was not inappropriate. Even if it was, the error was harmless.

The district judge did not err in briefly questioning a government witness. The questions posed do not demonstrate judicial bias and even if they did, any error was harmless. *See Kennedy v. Los Angeles Police Dep't,* 901 F.2d 702, 709 (9th Cir.1990) (overruled on other grounds). The district judge did not err by giving a *sua sponte* mid-trial instruction to the jury. There is no rule barring mid-trial jury instructions, and the instruction at issue accurately states the law.

Finally, Schiff's sentence is not unreasonable. The record shows that the district court considered in depth all of the relevant factors listed in 18 U.S.C. § 3553(a), including Schiff's mental health. The district court was not required to mention the role Schiff's age played in the calculation of his sentence. *See United States v. Mix,* 457 F.3d 906, 912 (9th Cir. 2006).

**AFFIRMED.**