**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUL 7 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MICHAEL SCOTT IOANE and SHELLY JEAN OLSON-IOANE,

          Petitioners - Appellants,

  v.

COMMISSIONER OF INTERNAL REVENUE,

          Respondent - Appellee.

No. 09-73948

Tax Ct. No. 9903-06

MEMORANDUM<sup>*</sup>

Appeal from a Decision of the
United States Tax Court

Submitted June 15, 2011<sup>**</sup>

Before:    CANBY, O'SCANNLAIN, and FISHER, Circuit Judges.

     Michael Scott Ioane and Shelly Jean Olson-Ioane appeal pro se from the tax

court's order following a trial upholding the Commissioner of Internal Revenue's

deficiencies and penalties for tax years 2002 and 2003 and issuing sanctions. We

---

     <sup>*</sup>    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

     <sup>**</sup>   The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

have jurisdiction under 26 U.S.C. § 7482(a)(1).  We review de novo the tax court's legal conclusions, and for clear error its factual findings.  *Hardy v. Comm'r*, 181 F.3d 1002, 1004 (9th Cir. 1999).  We review for an abuse of discretion both the tax court's evidentiary rulings, *Hudspeth v. Comm'r*, 914 F.2d 1207, 1213 (9th Cir. 1990), and the imposition of sanctions under 26 U.S.C. § 6673, *Wolf v. Comm'r*, 4 F.3d 709, 716 (9th Cir. 1993).  We affirm.

The tax court properly upheld the deficiencies because the Commissioner presented the "minimal factual foundation" necessary to link the Ioanes to the receipt of unreported income, *Palmer v. IRS*, 116 F.3d 1309, 1312 (9th Cir. 1997), and the Ioanes failed to submit any evidence "showing that the deficienc[ies] w[ere] arbitrary or erroneous," *Hardy*, 181 F.3d at 1005.  Moreover, the Ioanes failed to demonstrate their entitlement to the disallowed deductions.  *See Norgaard v. Comm'r*, 939 F.2d 874, 877 (9th Cir. 1991) (the taxpayer carries the burden of establishing entitlement to a deduction).

The tax court properly upheld the late-filing penalty because the Ioanes belatedly filed their tax return for 2002 and provided no evidence suggesting reasonable cause for their tardiness.  *See* 26 U.S.C. § 6651(a)(1).

The tax court properly upheld the accuracy-related penalties imposed on the deficiencies because the Ioanes failed to meet their burden of showing that the

underpayments were not a result of negligence. *See* 26 U.S.C. § 6662(a); *Pahl v. Comm'r*, 150 F.3d 1124, 1131 (9th Cir. 1998).

The tax court did not abuse its discretion in admitting into evidence copies of checks. *See United States v. Pang*, 362 F.3d 1187, 1192 (9th Cir. 2004) (checks are self-authenticating and constitute legally operative verbal acts that are not barred by the hearsay rule); *see also* Fed. R. Evid. 1003 ("A duplicate is admissible to the same extent as an original unless (1) a genuine question is raised as to the authenticity of the original or (2) in the circumstances it would be unfair to admit the duplicate in lieu of the original.").

The tax court did not abuse its discretion in imposing sanctions on the Ioanes under § 6673 for persisting in frivolous litigation. *See Wolf*, 4 F.3d at 716 ("When taxpayers are on notice that they may face sanctions for frivolous litigation, the tax court is within its discretion to award sanctions under section 6673.").

The Ioanes' remaining contentions are unpersuasive.

**AFFIRMED.**