T.C. Memo. 2011-207

UNITED STATES TAX COURT

MATTHEW R. PERKINS, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 18240-09.                    Filed August 29, 2011.

Matthew R. Perkins, pro se.

<u>Alicia A. Mazurek</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

HAINES, <u>Judge</u>:  Petitioner petitioned the Court for redetermination of a deficiency of $15,265 and an addition to tax under section 6654(a)[1] of $145 for 2007.  The primary issue for

_____

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code (Code), as amended and in effect for the taxable year at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.  Amounts are rounded to
                                                        (continued...)

decision after concessions is whether petitioner is liable for a deficiency in his Federal income tax. We must further decide whether petitioner is liable for the addition to tax under section 6654(a) and whether we should impose the penalty under section 6673(a) upon petitioner.

## FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulation of facts, together with the attached exhibits, is incorporated herein by this reference. At the time petitioner filed his petition, he resided in Grand Rapids, Michigan.

During 2007 petitioner worked for Mercy General Health Partners (Mercy). Mercy issued a Form W-2, Wage and Tax Statement, to petitioner reporting wages of $81,042 and Federal income tax withheld of $10,893. Petitioner submitted to the IRS a 2007 Form 1040, U.S. Individual Income Tax Return, on which he reported zero wage income and Federal income tax withheld of $25,600.

Respondent did not accept petitioner's 2007 Form 1040 as a valid return. Instead, respondent filed a substitute for return for petitioner for 2007. Respondent, using third-party payer reports, determined that petitioner had received wages of $81,042. Respondent determined petitioner's filing status was

---

[1](...continued)
the nearest dollar.

married filing separate and that petitioner was entitled to a personal exemption.  Respondent determined a deficiency in petitioner's Federal income tax of $15,265 for 2007.  Respondent also determined an addition to tax pursuant to section 6654(a) of $145.

Respondent introduced into evidence Mercy's payroll records to prove that petitioner was employed by Mercy during 2007, that Mercy paid petitioner wages of $81,042, and that Mercy had withheld Federal income tax of $10,893.  Petitioner did not deny receipt of the wages, did not deny that he worked at Mercy, and did not deny that Mercy had withheld Federal income tax.  Yet petitioner argues that the Form W-2 Mercy issued is invalid.

At trial we advised petitioner that his arguments were frivolous and warned him that we might impose sanctions if he continued to make frivolous arguments before the Court in the future.

OPINION

I.  Deficiencies in Federal Income Tax and Unreported Wage Income

Section 61(a)(1) defines gross income as all income from whatever source derived, including compensation for services (i.e., wage income).

As a general rule, the taxpayer bears the burden of proving the Commissioner's deficiency determinations incorrect.  Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).  The Court

of Appeals for the Sixth Circuit, to which an appeal in this case would lie, however, has held that the Commissioner's determination of unreported income must be supported by at least a minimal factual predicate or foundation of substantive evidence linking the taxpayer to the income-generating activity or to the receipt of funds.  United States v. Walton, 909 F.2d 915, 918-919 (6th Cir. 1990).  In addition, if a taxpayer asserts a reasonable dispute with respect to any item of income reported on an information return filed with the Secretary by a third party and the taxpayer has fully cooperated with the Secretary, the Secretary shall have the burden of producing reasonable and probative information concerning such deficiency in addition to such information return.  Sec. 6201(d).

To satisfy respondent's initial burden of production, respondent provided evidence to the Court of petitioner's employment and wages earned during 2007 through petitioner's Form W-2 and Mercy's payroll records confirming the information reported on the Form W-2.

Respondent having met his initial burden of production, the burden shifts to petitioner to prove the deficiency determination incorrect.  See Rule 142(a); Welch v. Helvering, supra.  However, petitioner has alleged that section 7491(a) applies to this case, shifting the burden back onto respondent.  We do not agree.  Section 7491(a) provides that if the taxpayer introduces credible

evidence with respect to any factual issue relevant to ascertaining the liability of the taxpayer for a tax imposed under subtitle A or B of the Code, the Secretary shall have the burden of proof with respect to such issue. Petitioner has failed to introduce any credible evidence with respect to the factual issues relating to his tax liability. See sec. 7491(a)(1). Respondent's determination of petitioner's tax liability is based upon the fact that petitioner was employed by Mercy during 2007 and was paid wages by Mercy during 2007 and that Mercy had withheld Federal income tax from his wages in 2007. Petitioner has not introduced credible evidence to challenge any of these facts. Accordingly, the burden of proof remains on petitioner.

In order to meet his burden of proof, petitioner has advanced arguments characteristic of tax-protester rhetoric that have been universally rejected by this and other courts. See Wilcox v. Commissioner, 848 F.2d 1007 (9th Cir. 1988), affg. T.C. Memo. 1987-225; Carter v. Commissioner, 784 F.2d 1006, 1009 (9th Cir. 1986). We shall not painstakingly address petitioner's assertions with somber reasoning and copious citation of precedent, as to do so might suggest that these arguments have some colorable merit. See Crain v. Commissioner, 737 F.2d 1417, 1417 (5th Cir. 1984). We conclude that petitioner has not met

his burden of proof, and thus, we sustain respondent's deficiency determination for 2007.

II.  Section 6654(a)

Respondent determined that petitioner is liable for an addition to tax under section 6654(a) for failure to pay estimated income tax for 2007.

Section 6654(a) imposes an addition to tax "in the case of any underpayment of estimated tax by an individual".  A taxpayer has an obligation to pay estimated tax for a particular year only if he has a "required annual payment" for that year.  Sec. 6654(d).  A required annual payment generally is equal to the lesser of:  (i) 90 percent of the tax shown on the return for the taxable year (or, if no return is filed, 90 percent of the tax for the year); or (ii) 100 percent of the tax shown on the return of the individual for the preceding taxable year.  Sec. 6654(d)(1)(B); Wheeler v. Commissioner, 127 T.C. 200, 210-211 (2006), affd. 521 F.3d 1289 (10th Cir. 2008); Heers v. Commissioner, T.C. Memo. 2007-10.  If the taxpayer did not file a return for the preceding year, then clause (ii) does not apply. Sec. 6654(d)(1)(B).  Respondent's burden of production under section 7491(c) requires respondent to produce evidence that petitioner had a required annual payment for 2007.

Respondent has satisfied his burden of production by introducing evidence that (1) 90 percent of petitioner's $15,265

income tax liability for 2007 is $13,739, (2) that petitioner had filed a Federal income tax return for 2006 showing a Federal income tax liability of $13,337, and (3) that petitioner made insufficient estimated payments for 2007, having paid only $10,893. See Higbee v. Commissioner, 116 T.C. 438, 446 (2001). Petitioner neither argued nor established any of the defenses enumerated in section 6654(e). Consequently, petitioner has not met his burden of persuasion, and respondent's determinations are sustained. See United States v. Rylander, 460 U.S. 752, 758 (1983); Traficant v. Commissioner, 89 T.C. 501, 504 (1987), affd. 884 F.2d 258 (6th Cir. 1989).

III. Section 6673 Penalty

Section 6673(a)(1) authorizes the Court to require a taxpayer to pay to the United States a penalty in an amount not to exceed $25,000 whenever it appears to the Court that the taxpayer's position in the proceeding is frivolous or groundless. Sec. 6673(a)(1)(B).

It is within our discretion whether to impose the section 6673 penalty. We have often imposed the penalty in cases where, for example, taxpayers have presented arguments in administrative and judicial proceedings despite being warned those arguments were frivolous. See Burke v. Commissioner, 124 T.C. 189, 197 (2005); Rodriguez v. Commissioner, T.C. Memo. 2009-92; Ioane v. Commissioner, T.C. Memo. 2009-68 ($10,000 penalty imposed where

taxpayer was warned months before trial that his frivolous arguments, lack of candor, and failure to cooperate in the stipulation process could result in imposition of the section 6673 penalty), affd. 108 AFTR 2d 2011-5162, 2001-2 USTC par. 50,489 (9th Cir. 2011).  But see Lizalek v. Commissioner, T.C. Memo. 2009-122 (declining to impose the section 6673 penalty where the taxpayer raised frivolous arguments for the first time in Federal court).

Petitioner made frivolous arguments during the trial; arguments universally rejected by this and other courts.  We have made petitioner aware that by continuing to pursue these arguments, he subjects himself to the possibility of a penalty pursuant to section 6673.  However, at this time we decline to impose this penalty.

In reaching our holdings, we have considered all arguments made, and, to the extent not mentioned, we conclude that they are moot, irrelevant, or without merit.

To reflect the foregoing,

Decision will be entered

for respondent.