T.C. Memo. 2012-105

UNITED STATES TAX COURT

JUSTIN CARL LAUE, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket Nos. 23661-10, 23666-10.           Filed April 11, 2012.

Justin Carl Laue, pro se.

<u>Joseph A. Peters</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

JACOBS, <u>Judge</u>:  Petitioner asserts that the money he received from

Broadband Management Solutions, L.L.C. (BMS), specifically wages and

nonemployee compensation he earned during 2005 and 2006, was for "labor" and

not "services" and therefore does not constitute taxable income.  He filed Forms

1040, U.S. Individual Income Tax Return, for 2005 and 2006, reporting zero as the amount of his taxable income for each year. He claimed refunds for all amounts withheld from his paychecks, e.g., Federal income tax withholding, Federal employment tax withholding, and State income tax withholding. After initially processing these purported returns, respondent deemed each to be frivolous. Respondent thereafter determined petitioner's income from third-party payor information, prepared substitutes for returns, and issued petitioner notices of deficiency. In those notices, respondent made the following determinations:

| | | Additions to tax | | |
| | | Sec. | Sec. | Sec. |
| Year | Deficiency | 6651(a)(1) | 6651(a)(2)[1] | 6654(a) |
| 2005 | $30,869 | $6,945.53 | $7,717.25 | $1,238.22 |
| 2006 | 42,988 | 9,672.30 | 8,167.72 | 2,034.38 |

[1]Respondent concedes the sec. 6651(a)(2) additions to tax.

After respondent's concession, the issues remaining for decision are: (1) whether petitioner had unreported income as respondent determined; (2) whether petitioner is liable for the additions to tax for failing to timely file his income tax returns; (3) whether petitioner is liable for the additions to tax for failing to make estimated tax payments; and (4) whether petitioner is liable for sanctions pursuant to section 6673.

All section references are to the Internal Revenue Code, as amended and in effect for the years at issue, and all Rule references are to the Tax Court Rules of Practices and Procedures.

## FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulation of facts, the supplemental stipulation of facts, and the attached exhibits are incorporated herein by this reference. Petitioner resided in Colorado when he filed his petitions.

During 2005 and 2006 petitioner worked for BMS. BMS paid petitioner for his services. At trial, after repeatedly evading questions posed to him by the Court, petitioner begrudgingly stated that the money he received from BMS was for "labor" but claimed that the amounts received were not "gains, profit or income" made in the course of a "trade or business".

In 2005 BMS made two types of payments to petitioner. One type, in the total amount of $69,653, was characterized by BMS as wages in its payroll register and on the Form W-2, Wage and Tax Statement, that BMS provided to petitioner and the Internal Revenue Service. That Form W-2 is included in the record. The other type of payment was characterized by BMS as nonemployee compensation. Respondent determined the amount of petitioner's nonemployee compensation to be

$20,801. However, the record does not contain direct evidence as to the specific amount.

In 2006 BMS paid petitioner $130,308 as nonemployee compensation. A Form 1099-MISC, Miscellaneous Income, reporting that BMS paid petitioner $121,890.08 as nonemployee compensation for 2006 is contained in the record.

Petitioner's 2005 Form 1040 reported the following amounts of income: (1) $5,210.61 that petitioner received as distributions from retirement accounts; petitioner characterized these distributions as wages, and (2) $258 as a State income tax refund. No other income was reported on the 2005 Form 1040. Petitioner claimed withholding credits totaling $13,719.51, an amount he calculated by adding all amounts withheld from his BMS paychecks as well as the standard deduction. Attached to the 2005 Form 1040 were (1) a Form 4852, Substitute for Form W-2, Wage and Tax Statement, or Form 1099-R, Distributions From Pensions, Annuities, Retirement or Profit-Sharing Plans, IRAs, Insurance Contracts, etc., on which petitioner reported he received zero wages, tips, or other compensation, and (2) a "corrected" Form 1099-MISC on which petitioner reported he received zero in nonemployee compensation. On the "corrected" Form 1099-MISC, petitioner typed:

This corrected Form 1099-MISC is submitted to rebut a document known to have been submitted by the party identified above as 'PAYER' [i.e., BMS] which erroneously alleges a payment to the party identified above as the 'RECIPIENT' of "gains, profit or income" made in the course of a "trade or business". Under penalty of perjury, I declare that I have examined this statement and to the best of my knowledge and belief, it is true correct, and complete.

On his 2006 Form 1040 petitioner reported he received no wages, nonemployee compensation, or income of any kind. Petitioner attached two "corrected" Forms 1099-MISC; each stated that he received no nonemployee compensation. Both Forms 1099-MISC contained a typed disclaimer stating that the Forms 1099-MISC BMS filed "erroneously alleges a payment" to petitioner, made "in the course of a 'trade or business'".

On May 10, 2007, respondent mailed petitioner a letter informing him that his purported tax return for 2005 had been rejected. On March 26, 2008, respondent mailed petitioner a letter informing him that his purported tax return for 2006 had been rejected. On May 7, 2008, respondent assessed frivolous return penalties against petitioner for his 2005 tax year (petitioner does not challenge these penalties). On May 28, 2010, respondent prepared substitutes for returns pursuant to section 6020(b) for 2005 and 2006. On July 21, 2010, respondent mailed petitioner two notices of deficiency, one for 2005 and the other for 2006.

OPINION

I.    Whether Petitioner Had Unreported Income

In general, the Commissioner's determination of a deficiency is presumed correct, and the taxpayer has the burden of proving it wrong.  See Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).  In unreported income cases, however, the Commissioner must establish "some reasonable foundation for the assessment" to preserve the presumption of correctness.  See Erickson v. Commissioner, 937 F.2d 1548, 1551 (10th Cir. 1991), aff'g T.C. Memo. 1989-552.  Respondent has established that reasonable foundation.

With respect to 2005, respondent introduced a copy of the Form W-2 BMS prepared reporting that it paid petitioner $69,653 in wages.  The notice of deficiency refers to this amount as well as to $20,801 in nonemployee compensation.  Attached to the notice of deficiency were Form 4549, Income Tax Examination Changes, and Form 886-A, Explanation of Items.  These documents detail the calculations respondent made in reaching his determination for 2005.   With respect to 2006, respondent introduced a Form 1099-MISC prepared by BMS reporting that it paid petitioner $121,890.08 as nonemployee compensation.  The notice of deficiency for 2006 refers to a total of $130,308 in nonemployee compensation.  Form

4549 and Form 886-A were attached to the notice of deficiency and provide the calculations respondent used in making his determination for 2006. These documents demonstrate that respondent had information linking petitioner to an income-producing activity, i.e., his employment.

Respondent's documentation is similar to that presented in Rapp v. Commissioner, 774 F.2d 932 (9th Cir. 1985), where the Court of Appeals for the Ninth Circuit held that the Commissioner had sufficiently linked the taxpayers with income-producing activities. The record in Rapp contained the notices of deficiency, summonses to third parties, Form 1040, and various documents the Commissioner prepared. In finding these documents sufficient for the requisite linkage, the court stated: "these records reflect that the IRS had before it information linking the Rapps [the taxpayers] with income-producing activities, including employment, the sale of their residence, and involvement in a business * * * [although] the underlying information does not itself appear in the record". Id. at 935. The court noted that the taxpayers did not attack the presumption of correctness of the Commissioner's determination on the ground that there was no linking of the taxpayers with the income-producing activities, but rather argued

only that the Commissioner did not properly allow them certain deductions.[1]  Id.;
see also Banister v. Commissioner, T.C. Memo. 2008-201, aff'd, 418 Fed. Appx.
637 (9th Cir. 2011).

Petitioner does not challenge respondent's determination on the ground that
there was no information linking him with the income-producing activity.
Moreover, we find it telling that petitioner attached to his 2005 Form 1040 a
"corrected" Form 1099-MISC and attached two "corrected" Forms 1099-MISC to
his 2006 Form 1040.  All of these "corrected" Forms 1099-MISC showed zero
income.  We ascertain from the aforesaid actions that petitioner received at least one
Form 1099-MISC for 2005 and at least two Forms 1099-MISC for 2006 from BMS.
This would, in turn, enable us to ascertain that, although the record contains no
direct evidence as to the specific amounts he received that BMS designated as
nonemployee compensation for 2005 and 2006, petitioner in reality received
amounts in excess of those reflected by direct evidence.[2]

---

[1]The Court of Appeals for the Ninth Circuit requires the Commissioner to
present a minimal evidentiary foundation for the deficiency in unreported income
cases.  See Weimerskirch v. Commissioner, 596 F.2d 358 (9th Cir. 1979), rev'g 67
T.C. 672 (1977).  This is a higher evidentiary standard than that required by the
Court of Appeals for the Tenth Circuit.

[2]We note that sec. 6201(d) is not applicable.  Sec. 6201(d) provides that if a
taxpayer asserts a reasonable dispute with respect to any item of income reported on
(continued...)

We therefore find that the connection between petitioner and the income-producing activity is sufficiently acknowledged to permit the presumption of correctness to attach to respondent's determination.  See Rapp v. Commissioner, 774 F.2d at 935; Hahn v. Commissioner, T.C. Memo. 1992-203.  Petitioner thus bears the burden of proving respondent's deficiency determination to be arbitrary or erroneous.  He has failed to do so.

Petitioner argues that the moneys he received from BMS do not constitute income.  He further argues that because respondent initially processed his purported 2005 and 2006 Federal income tax returns, respondent is required to accept those returns as valid.

Petitioner contends that the money he received from BMS is for his "labor" and is not taxable because it was not "gains, profit or income" made in the course of a "trade or business".  Petitioner's contention is characteristic of tax-protester rhetoric that has been universally rejected by this and other courts.

---

[2](...continued)
an information return (e.g., a Form W-2 or a Form 1099-MISC) and has fully cooperated with the Secretary, then the Secretary has the burden of producing reasonable and probative information regarding the deficiency in addition to the information reported on the information returns.  Petitioner's arguments are not reasonable and he has not cooperated with respondent's agents.

Section 61(a)(1) defines gross income as all income from whatever source derived, including compensation for services. Petitioner's position is frivolous and devoid of any basis in law. We need not refute petitioner's logic with somber reasoning and copious citation of precedent, for to do so might suggest that it has some colorable merit. See Crain v. Commissioner, 737 F.2d 1417, 1417 (5th Cir. 1984); Wnuck v. Commissioner, 136 T.C. 498 (2011).

Petitioner's second argument is that because his purported 2005 and 2006 Federal income tax returns were initially processed as valid, respondent is (1) forbidden from reclassifying those returns as frivolous, and (2) bound to accept his tax computation. Petitioner cites Service Center Advice 200114033 (Apr. 6, 2001) for the proposition that "Once the document is treated by the Service as a valid return, it is deemed to have satisfied the * * * [Beard v. Commissioner, 82 T.C. 766 (1984), aff'd per curiam, 793 F.2d 139 (6th Cir. 1986)] test, and, therefore, should be considered a return for all tax purposes." Initially we note that a Service Center Advice is not precedent, is not law, and is not binding. Regardless, petitioner misconstrues Service Center Advice 200114033. That Advice merely states that in cases where the Commissioner accepts a tax return as valid for some purposes, he must treat that return as valid for all purposes. It does not state that if the

Commissioner mistakenly begins to process a frivolous return as valid, the Commissioner may not correct the error.

Respondent did not act in an arbitrary or erroneous manner by rejecting petitioner's 2005 and 2006 tax returns as frivolous. In Beard v. Commissioner, 82 T.C. at 777, we held that for a tax return to be considered valid, four requirements must be satisfied: "First, there must be sufficient data to calculate tax liability, second, the document must purport to be a return; third, there must be an honest and reasonable attempt to satisfy the requirements of the tax law; and fourth, the taxpayer must execute the return under penalties of perjury." Petitioner's purported returns fail the very first test because he did not include his wages and nonemployee compensation on those returns. Moreover, he attached a Form 4852 and "corrected" Forms 1099-MISC in an affirmative attempt to avoid reporting the amounts of his income. Petitioner's purported returns also fail the third test because he takes an unreasonable position in claiming that wages and nonemployee compensation he received are not income. As we previously stated in Coulton v. Commissioner, T.C. Memo. 2005-199: "the Commissioner should not be forced to accept as a return a document clearly not intended to provide the required information."

Petitioner refers to the opinion of the Court of Appeals for the Ninth Circuit in United States v. Long, 618 F.2d 74 (9th Cir. 1980), holding that a return filed by an individual who "had inserted zeros in the spaces reserved for entering exemptions, income, tax, and tax withheld" constituted a valid return. The court therein concluded that the Commissioner should have accepted the taxpayer's income tax returns as valid because "A return containing false or misleading figures is still a return." Id. at 76. Petitioner's case is appealable to the Court of Appeals for the Tenth Circuit, whose opinions pursuant to Golsen v. Commissioner, 54 T.C. 742 (1970), aff'd, 445 F.2d 985 (10th Cir. 1971), we follow.

In United States v. Rickman, 638 F.2d 182 (10th Cir. 1980), a criminal case, an individual inserted zeros in all of the spaces on his tax return. The taxpayer, relying on Long, argued that his was a valid return. The Court of Appeals for the Tenth Circuit reviewed the opinion of the Court of Appeals for the Ninth Circuit in Long and stated that "we respectfully disagree with that decision." Rickman, 638 F.2d at 184. The court then held that the taxpayer had failed to file a valid tax return. We therefore find that petitioner has failed to establish that respondent's determination of his unreported income was arbitrary or erroneous. We sustain respondent's determination in that regard.

II.     Additions to Tax

Section 7491(c) provides that the Commissioner bears the burden of production and must produce sufficient evidence showing the imposition of an addition to tax or a penalty is appropriate.  If the Commissioner meets this burden, the taxpayer must come forward with persuasive evidence that the Commissioner's determination is incorrect.  Rule 142(a); Higbee v. Commissioner, 116 T.C. 438, 446-447 (2001).

A.     Section 6651(a) Addition to Tax

Section 6651(a) imposes an addition to tax for failure to file an income tax return by the time prescribed by law unless the taxpayer proves that such failure is due to reasonable cause and not willful neglect.  See United States v. Boyle, 469 U.S. 241, 245 (1985); McGowan v. Commissioner, T.C. Memo. 2009-172.  Respondent has met his burden of production by demonstrating that petitioner's purported Federal tax returns were not valid under the test set forth in Beard, as noted supra p. 11.  Petitioner has not otherwise provided a reasonable cause for not filing.  We therefore sustain respondent's imposition of the addition to tax under section 6651(a)(1).

B.  Section 6654(a) Addition to Tax

Section 6654(a) imposes an addition to tax on individual taxpayers who underpay their estimated income tax.  Respondent determined that petitioner is liable for the addition to tax for 2005 and 2006.  A taxpayer has an obligation to pay estimated tax for a particular year if he has a "required annual payment" for that year.  Sec. 6654(d).  A "required annual payment" is generally equal to the lesser of (1) 90% of the tax shown on the individual's return for that year (or if no return is filed, 90% of his or her tax for the year), or (2) if the individual filed a return for the immediately preceding taxable year, 100% of the tax shown on that return.  Sec. 6654(d)(1); Wheeler v. Commissioner, 127 T.C. 200, 210-212 (2006), aff'd, 521 F.3d 1289 (10th Cir. 2008); Brennan v. Commissioner, T.C. Memo. 2009-77. Respondent may meet his burden of production by showing petitioner's liability for the year at issue and the immediately preceding year.

Respondent has demonstrated that petitioner had tax liabilities for 2005 and 2006 and that he made no tax payments.  Respondent established, and petitioner conceded, that petitioner had a tax liability for 2004.  Respondent introduced transcripts showing that petitioner filed a Federal income tax return for 2004, that he had a tax liability for that year, and that he paid the 2004 tax.  In contrast, petitioner did not offer any evidence of his own to refute respondent's evidence.

Nor did petitioner argue or establish any of the defenses enumerated in section 6654(e).  Consequently, respondent's imposition of the section 6654(a) addition to tax is sustained.  See Perkins v. Commissioner, T.C. Memo. 2011-207.

III.    Section 6673 Sanctions

At trial respondent's counsel requested that the Court impose sanctions against petitioner pursuant to section 6673(a)(1).  Section 6673(a)(1) authorizes the Court to require a taxpayer to pay a penalty to the United States in an amount not to exceed $25,000 whenever it appears to the Court that the taxpayer instituted or maintained the proceeding primarily for delay or that the taxpayer's position in the proceeding is frivolous or groundless.  Petitioner was notified of respondent's intention to pursue sanctions under section 6673 both in respondent's motion for partial summary judgment, filed September 20, 2011, and in respondent's pretrial memorandum.  Petitioner nonetheless went ahead in making his frivolous arguments at trial.

Petitioner's position in these cases is frivolous and groundless.  His argument that the wages and nonemployee compensation paid to him by his employer are not income lacks merit.

Petitioner was evasive throughout his trial in responding to the Court's questions.  He denied receiving wages from BMS; he denied he provided services to

BMS; and he denied that BMS was in a trade or business.[3]  We agree with respondent that sanctioning petitioner is warranted.  Pursuant to the authority granted to us under section 6673(a)(1), we shall require petitioner to pay to the United States a penalty of $5,000.

To reflect respondent's concessions,

<u>Decisions will be entered</u>

<u>under Rule 155</u>.

---

[3]Petitioner argued that "trade or business" is defined as the performance or the function of a public office.