**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

NOV 07 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-17712 |
| Plaintiff - Appellee, | D.C. No. 2:04-cr-00119-1-KJD |
| v. | |
| IRWIN SCHIFF, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Kent Dawson, District Judge, Presiding

Argued and Submitted September 12, 2013
San Francisco, California

Before: WALLACE and BERZON, Circuit Judges, and ZOUHARY, District Judge.[**]

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable Jack Zouhary, District Judge for the U.S. District Court for the Northern District of Ohio, sitting by designation.

Federal prisoner Irwin Schiff appeals the district court's denial of his 28 U.S.C. § 2255 motion challenging his jury conviction and 151-month sentence for conspiracy, aiding in the filing of false income tax returns, and failing to pay income tax.[1]  A jury convicted Schiff and two co-defendants after a 23-day trial at which Schiff represented himself.

Schiff claims his appellate counsel was ineffective for not raising a number of issues on direct appeal.  We have jurisdiction under 28 U.S.C. § 2255, review the district court's denial *de novo*, and affirm.

A claim of ineffective assistance of appellate counsel is subject to the two-prong standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984).  *Smith v. Robbins*, 528 U.S. 259, 285 (2000).  A defendant "must first show that his counsel was objectively unreasonable," meaning, in the appellate context, that "counsel unreasonably failed to discover nonfrivolous issues and to file a merits brief raising them," *id.*, or "failed to raise a particular claim" in the merits brief.  *Id.* at 288.  Second, a defendant must demonstrate that counsel's errors prejudiced him.  *Id.* at 285.  That is, he "must show a reasonable probability that, but for his counsel's unreasonable failure . . . he would have prevailed on his appeal."  *Id.*

_____

[1] The district court also sentenced Schiff to eleven months of incarceration in connection with contempt charges for Schiff's behavior during trial.

**1.** Schiff's argument, that appellate counsel was ineffective for not appealing the district court's exclusion of evidence of his bipolar disorder, fails. Schiff's claim regarding the exclusion of mental health evidence is similar to one raised by co-defendant Cohen on direct appeal, and which formed the basis for this Court reversing Cohen's conviction and remanding for a new trial. *United States v. Cohen*, 510 F.3d 1114, 1123–27 (9th Cir. 2007). But Schiff and Cohen were situated very differently with respect to knowledge about the validity of their beliefs. Even assuming Schiff's appellate counsel was ineffective, Schiff cannot demonstrate that he was harmed by counsel's failure to raise this issue on appeal.

In *Cheek v. United States*, 498 U.S. 192, 201 (1991), the Court distinguished between "innocent mistakes caused by the complexity of the Internal Revenue Code," as opposed to positions that "reveal full knowledge of the provisions at issue and a studied conclusion, however wrong, that those provisions are invalid and unenforceable." *Id.* at 205. With regard to the second category, the Court held that "a defendant's views about the validity of the tax statutes are irrelevant to the issue of willfulness." *Id.* at 206.

On direct appeal, this Court characterized the evidence against Schiff as "overwhelming, particularly the evidence that he intended to deceive the government through the use of zero returns." *United States v. Cohen*, 262 F. App'x 14, 16 (9th Cir. 2007). The overwhelming evidence at trial was that Schiff was aware his claimed

beliefs lacked merit and that he simply disagreed with the law. Schiff had previously been punished for filing zero returns. He knew that numerous tax returns submitted by his clients had been returned as frivolous by the IRS and had resulted in penalties upheld by courts. He also knew his positions regarding tax law were rejected in every court to consider them.

Trial testimony also showed that, knowing his beliefs and activities did not comport with tax law, Schiff counseled his clients to undertake affirmative acts of misrepresentation. Schiff engaged in evasive conduct too -- after his bank account was levied upon by the IRS, he opened bank accounts under false taxpayer identification numbers and avoided IRS seizure of his vehicle by titling it in a friend's name.

Given the extensive evidence that Schiff knew his views of the tax law were incorrect, he cannot establish that his *Cheek* good-faith defense was prejudiced by counsel's decision not to raise on direct appeal the district court's suppression of evidence of his bipolar disorder.

**2.** Schiff's counsel was not ineffective for choosing not to appeal the district court's exclusion of certain testimony seeking to confirm Schiff's own beliefs that the tax laws are invalid and unenforceable. Counsel could have reasonably concluded that evidence was irrelevant to the issue of willfulness. *Cheek*, 498 U.S. at 206 ("[A] defendant's views about the validity of the tax statutes are irrelevant to the issue of

4

willfulness."). In addition, Schiff failed to lay a foundation as to how the actions of certain witnesses might have formed the basis of beliefs Schiff allegedly held about offshore assets.

3.     Schiff next contends appellate counsel was ineffective for not arguing on direct appeal that the district court erred when it excluded certain legal materials during trial. This claim fails as well. Schiff has failed to demonstrate that he was prejudiced by the exclusion of an article from the *Journal of Taxation*, which was not relevant to Schiff's alleged beliefs, or two Supreme Court cases, which were likely to mislead and confuse the jury. *See United States v. Powell*, 955 F.2d 1206, 1214 (9th Cir. 1992). And the district court never prohibited Schiff from reading a statute; it merely told him he must identify any document from which he was going to read during his testimony.

4.     Finally, appellate counsel was not ineffective for failing to appeal the district court's refusal to admit into evidence *The Great Tax Hoax*, a book Schiff authored which explains how he reached his beliefs about tax laws, and a 3 ½-hour tape of a video seminar in which Schiff explains his beliefs. The book and video contained misstatements of the law and would have served to confuse the jury and waste its time. *See Powell*, 955 F.2d at 1214 (holding a court may exclude testimony or evidence containing misstatements of the law); *Masson v. New Yorker Magazine, Inc.*, 85 F.3d 1394, 1400 (9th Cir. 1996) (finding district court properly refused to

5

admit into evidence excerpts of book because jury cannot be expected to read a whole book, and excerpts would be time consuming, misleading, and confusing). Further, Schiff was able to testify at trial about the basis for his beliefs; providing the jury with a written summary and video of his beliefs would only serve to repeat his testimony.

**AFFIRMED.**