T.C. Memo. 2016-175

UNITED STATES TAX COURT

JAMES WILLIAM HARRIS, Petitioner <u>v.</u>
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 5054-15L.                    Filed September 19, 2016.

James William Harris, pro se.

<u>Robert Francis Saal</u> and <u>Carroll De Groff Lansdell</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

JACOBS, <u>Judge</u>:  Petitioner failed to file Federal income tax returns for tax

years 2007 and 2009.  In response, the Internal Revenue Service (IRS) prepared a

substitute for return for each year.[1]  Petitioner failed to pay the tax determined and

---

[1]Sec. 6020(b)(1) provides that "[i]f any person fails to make any return

(continued...)

[*2] assessed by the IRS. The dispute between the parties concerns the IRS' issuance of a notice of Federal tax lien and a notice of intent to levy with respect to the collection of petitioner's underlying tax liabilities for tax years 2007 and 2009.[2] The issue to be decided is whether the IRS' determination to proceed with these collection activities was proper.

Unless otherwise indicated, all section references are to the Internal Revenue Code, as amended, in effect at all relevant times.

## FINDINGS OF FACT

At the time petitioner filed his petition, he resided in New Jersey. The IRS mailed petitioner a notice of deficiency for tax year 2007 on July 6, 2010, and a notice of deficiency for tax year 2009 on December 12, 2011. Each notice was mailed to petitioner's last known address. At trial respondent's counsel produced two Substitute USPS Forms 3877, which established proof of mailing, by certified mail, of the notices of deficiency with respect to tax years 2007 and

---

[1](...continued)
required by any internal revenue law or regulation made thereunder at the time prescribed therefor, or makes, willfully or otherwise, a false or fraudulent return, the Secretary shall make such return from his own knowledge and from such information as he can obtain through testimony or otherwise."

[2]The IRS also sought to collect an income tax liability via a proposed levy arising from petitioner's 1996 tax year, but at trial respondent's counsel conceded that year.

[*3] 2009.  Respondent has therefore established that the notices of deficiency were properly mailed.  Petitioner did not file a petition in this Court to contest the notices of deficiency.

The IRS assessed the amounts of tax which it determined petitioner owed.  Because petitioner failed to pay the determined tax liabilities, the IRS mailed him, on February 5, 2014, Letter 1058(DO), Final Notice--Notice of Intent to Levy and Notice of Your Right to a Hearing, regarding the 2007 and 2009 tax years.[3]  On February 18, 2014, the IRS mailed petitioner Letter 3172(DO), Notice of Federal Tax Lien Filing and Your Right to a Hearing Under I.R.C. 6320, for 2007 and 2009.  On or about March 3, 2014, petitioner submitted Form 12153, Request for a Collection Due Process or Equivalent Hearing, to the IRS Office of Appeals.  On the Form 12153 petitioner asserted that he had not received the notices of deficiency with respect to tax years 2007 and 2009 and that his "[r]equest for Determination Documentation sent to IRS pursuant to 26 USC 6103 in 2000 was never answered.  Hence, liability was never demonstrated to me, and estopped by 'acquiescence' prevails."

The case was assigned to Settlement Officer Sharron Dillon who, after confirming that she had had no prior involvement with petitioner, sent him a letter

---

[3]Letter 1058(DO) also referenced petitioner's 1996 tax year.

[*4] on May 28, 2014, notifying him that his arguments were considered frivolous. Petitioner was offered an opportunity to amend his appeal request by presenting valid reasons for the appeal. On June 12, 2014, petitioner submitted an amended Form 12153 to the IRS Office of Appeals on which he challenged both the notice of Federal tax lien and the notice of intent to levy, again asserting he had never received the notices of deficiency, and requested a face-to-face section 6330 hearing.

Because petitioner did not respond with a "legitimate reason for the appeal", Settlement Officer Dillon disregarded his request for a hearing and closed his case as frivolous in August 2014. Petitioner thereafter telephoned Settlement Officer Dillon's manager and complained that his case had been prematurely closed; petitioner's case was reopened in October 2014. A section 6330 hearing was scheduled, and after scheduling changes were made, a face-to-face hearing between petitioner and Settlement Officer Dillon was held on December 12, 2014. The hearing lasted four hours.

At the section 6330 hearing petitioner disputed the legitimacy of the Federal income tax. Petitioner asserted that the IRS (1) failed to prove that he had an obligation to file Federal tax returns and pay Federal income tax or establish that

**[*5]** the tax was legally assessed; (2) was not authorized to prepare substitutes for returns; and (3) failed to properly send him notices of deficiency.

Settlement Officer Dillon rejected petitioner's assertions, informing him that his arguments were frivolous. She showed him computer transcripts stating that notices of deficiency regarding tax years 2007 and 2009 were mailed to his last known address. She asked him whether he still lived at the address to which the notices of deficiency were mailed; he confirmed that he did. Settlement Officer Dillon also showed petitioner copies of the notices of deficiency although he disputed that she had. After advising petitioner of her duties as a settlement officer and the purposes of the section 6330 hearing, Settlement Officer Dillon advised him that she had confirmed that (1) there was a balance due regarding his account; (2) he was not involved in a bankruptcy proceeding; (3) he had no pending offers-in-compromise; and (4) there were no pending lawsuits between him and the IRS.

Petitioner declined to discuss collection alternatives. Instead, he resumed challenging the authority of the IRS to collect taxes. Petitioner cited the writings of Irwin Schiff, a well-known tax protester, and suggested that Settlement Officer Dillon visit a Web site which supposedly offers a $300,000 reward to anyone who can prove that there is a law mandating that Americans pay taxes. Petitioner

**[*6]** communicated with Settlement Officer Dillon several times after his hearing. He did not discuss collection alternatives; rather, he continued to dispute the legality of the IRS' collection activities.

Respondent issued a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 of the Internal Revenue Code (notice of determination) on January 16, 2015, in which the lien and the proposed levy action were sustained. In the notice of determination, signed by an Appeals team manager, petitioner's challenges to his underlying tax liabilities were reviewed and reasons were stated for rejecting them. The notice of determination included Settlement Officer Dillon's verification that the lien and the proposed levy action balanced the need for efficient collection of taxes with petitioner's legitimate concern that the IRS' collection actions be no more intrusive than necessary. The notice of determination also stated that Settlement Officer Dillon verified that the requirements of applicable law or administrative procedure were met. See sec. 6330(c)(3).

## OPINION

Section 6320(a) provides that written notice of the filing of a notice of Federal tax lien must be furnished by the Secretary to the taxpayer whose property is subject to the lien. Section 6320(b) provides that a taxpayer may thereafter

**[\*7]** request a hearing regarding the filing of the notice of tax lien, and section 6320(c) provides that the hearing must be conducted pursuant to the rules of section 6330 (which generally governs levies).

Section 6330(a) provides that no levy may be made on any property or right to property of any person unless the Secretary has notified that person in writing of the right to a hearing before the levy is made (section 6330 hearing). Section 6330(b)(3) provides that if a person requests a section 6330 hearing, the hearing is to be held before an impartial officer or employee of the IRS. The taxpayer is entitled to only one section 6330 hearing with respect to the taxable period to which the unpaid tax relates. Sec. 6330(b)(2). During the hearing the taxpayer may raise any relevant issue, including appropriate spousal defenses, challenges to the appropriateness of the collection action, and collection alternatives, including offers-in-compromise. Sec. 6330(c)(2)(A).

A taxpayer is precluded from contesting the existence or amount of the underlying tax liability at the section 6330 hearing if the taxpayer received a notice of deficiency for the tax in question or otherwise had an opportunity to dispute the underlying tax liability. Sec. 6330(c)(2)(B); see also Sego v.

[*8] <u>Commissioner</u>, 114 T.C. 604, 609 (2000).[4]  In such a case, we review the Commissioner's determination for abuse of discretion.  <u>Sego v. Commissioner</u>, 114 T.C. at 610; <u>Goza v. Commissioner</u>, 114 T.C. 176, 182 (2000).  An abuse of discretion is defined as any action that is unreasonable, arbitrary or capricious, clearly unlawful, or lacking sound basis in fact or law.  <u>Thor Power Tool Co. v. Commissioner</u>, 439 U.S. 522, 532-533 (1979); <u>Woodral v. Commissioner</u>, 112 T.C. 19, 23 (1999).  If the taxpayer did not receive a notice of deficiency or did not have an opportunity to dispute the underlying tax liability, we review the liability de novo where the tax liability is properly placed in issue.  <u>Davis v. Commissioner</u>, 115 T.C. 35, 39 (2000).

In the matter before us, the administrative record, compiled by Settlement Officer Dillon, contains copies of the notices of deficiency and the Substitute USPS Forms 3877 showing that the notices of deficiency for tax years 2007 and 2009 were mailed to petitioner at the address where he resided at the time of mailing and where he continues to reside.  In the absence of evidence to the contrary, the presumptions of regularity and of delivery justify the conclusion that

---

[4]We have interpreted the phrase "underlying tax liability" to include any amounts a taxpayer owes pursuant to tax laws that are subject to the Commissioner's collection activities.  <u>Katz v. Commissioner</u>, 115 T.C. 329, 338-339 (2000).

**[\*9]** the notices of deficiency were sent to petitioner but he effectively refused delivery. <u>Sego v. Commissioner</u>, 114 T.C. at 611; <u>Coleman v. Commissioner</u>, 94 T.C. 82, 90-91 (1990). Petitioner's unsupported assertion that he never received the notices does not overcome the presumptions of regularity and of delivery referred to in <u>Sego</u>. On the basis of the record before us, we conclude that petitioner received the notices of deficiency for tax years 2007 and 2009. Therefore, he is precluded from contesting the existence or amount of the underlying tax liabilities for 2007 and 2009.

Petitioner failed to properly contest the underlying tax liabilities. Petitioner argues that he has no Federal income tax liability because he is not a taxpayer. He posits that "[o]nly 'federal persons' and 'U.S. citizens' (meaning residents of D.C.) or those domiciled in D.C. are liable for the income tax." Moreover, petitioner states: "I CANNOT sign Form 1040 without committing a felony because: I am not a federal 'U.S. citizen' domiciled in the District of Columbia; I will NOT commit a felony (perjury impersonating a federal person) by declaring that I am a U.S. citizen when I'm not." Petitioner's arguments are traditional tax-protester arguments; we decline petitioner's invitation to accompany him on his voyage beyond the boundaries of legitimate tax administration. As has been said on numerous occasions by numerous courts: "We perceive no need to refute these

**[\*10]** arguments with somber reasoning and copious citation of precedent; to do so might suggest that these arguments have some colorable merit." Crain v. Commissioner, 737 F.2d 1417, 1417 (5th Cir. 1984); see Rapp v. Commissioner, 774 F.2d 932, 936 (9th Cir. 1985); May v. Commissioner, 752 F.2d 1301, 1305-1306 (8th Cir. 1985); Schiff v. Commissioner, 751 F.2d 116, 117 (2d Cir. 1984), aff'g T.C. Memo. 1984-223; Wnuck v. Commissioner, 136 T.C. 498 (2011); Laue v. Commissioner, T.C. Memo. 2012-105.  Petitioner does himself a disservice by accepting the promulgations of Irwin Schiff, who was convicted and incarcerated for conspiracy, aiding in the filing of false income tax returns, and failing to pay income tax.  United States v. Schiff, 544 F. App'x 729 (9th Cir. 2013); see also Waltner v. Commissioner, T.C. Memo. 2014-35 (thoroughly documenting the fallacies of Mr. Schiff's views).

Petitioner failed to propose any collection alternative.  Consequently, all that remains is for us to review the actions of the IRS Office of Appeals to determine whether any acts of Settlement Officer Dillon constituted an abuse of discretion.  In deciding whether a settlement officer abused her/his discretion in sustaining a collection action, we consider whether she/he:  (1) properly verified that the requirements of any applicable law or administrative procedure have been met; (2) considered any relevant issues the taxpayer raised; and (3) determined

[*11] whether "any proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of the person that any collection action be no more intrusive than necessary." See sec. 6330(c)(3). We find that Settlement Officer Dillon properly reviewed petitioner's administrative file and verified that all legal and administrative requirements were met, including that the taxes for tax years 2007 and 2009 were assessed; notice and demand for the unpaid tax was made; and the notice of Federal tax lien and the notice of proposed levy were issued to petitioner. Petitioner raised no relevant issues at the section 6330 hearing, and Settlement Officer Dillon testified at trial that she had confirmed that the lien and the proposed levy collection action each balanced the need for efficient collection of taxes with petitioner's concerns that the collection actions be no more intrusive than necessary.

To conclude, we find no abuse of discretion in Settlement Officer Dillon's determinations that the IRS' lien against petitioner be sustained and that the IRS' proposed levy action against petitioner can proceed.

We have considered all of petitioner's arguments, and to the extent not discussed herein, we find them to be without merit and/or irrelevant.

**[\*12]**  To reflect the foregoing,

An appropriate decision will be

entered.