SIDNEY A. ERICKSON, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Erickson v. Commissioner
Docket No. 31269-84
United States Tax Court
T.C. Memo 1989-552; 1989 Tax Ct. Memo LEXIS 550; 58 T.C.M. (CCH) 352; T.C.M. (RIA) 89552; October 10, 1989
John D. Moats, for the petitioner. Sara J. Barkley, for the respondent. TANNENWALD
MEMORANDUM OPINION TANNENWALD, Judge: Respondent determined the following deficiency in and additions to tax in petitioner's Federal income tax for 1983: Additions to Tax
Deficiency
Sec. 6651(a)(1) [1]
Sec. 6653(a)(1)
Sec. 6653(a)(2)
Sec. 6654
$ 205,379
$ 15,538
$ 10,269
50% of interest
$ 9,242
due on underpayment
*551 After concessions, the issues for decision are whether respondent's determination was arbitrary and whether petitioner is liable for additions to tax under section 6653(a)(1) and (2). All the facts have been stipulated, and the stipulation of facts and attached exhibits are incorporated herein by reference. Petitioner maintained his legal residence in Grand Junction, Colorado, at the time of the filing of the petition herein. Petitioner has never filed a Federal income tax return for the taxable year 1983. Petitioner was arrested on May 9, 1983, in New Mexico, after United States Customs Officers forced down a Cessna 404 aircraft that he was piloting and of which he was the sole occupant. The aircraft was carrying approximately 2,420 pounds of marijuana. On July 15, 1983, petitioner was convicted of importation of marijuana in violation of 21 U.S.C. sections 952(a) and 21 U.S.C. 960(a)(1) and of possession with intent to distribute marijuana in violation of 21 U.S.C. section 841(a)(1). Petitioner's conviction was affirmed on appeal. [2]
*552 On May 9, 1983, a search warrant was issued authorizing the search of petitioner's residence located at 541 Tiara Drive, Grand Junction, Colorado. Additionally, on May 10, 1983, a search warrant was issued authorizing the search of #40 Pinyon Office Complex, 2004 North 12th, Grand Junction, Colorado. Pursuant to the search warrants, the following documents were seized from petitioner's home and office: Document
(a) Statement from Avionics Associates to Chris Air, showing cash purchase of $ 8,000, dated 3/1/83. (b) Corporate resolution of Consulting Associates Corporation, listing petitioner as president, dated 5/11/78. (c) Cashier's Check No. 141422 issued by First National Bank in Grand Junction for $ 5,000, reflecting Consulting Associates Corp. as remitter, dated 3/31/83. (d) Cashier's Check No. 387093 issued by Western Bank for $ 4,395, reflecting petitioner as remitter, dated 3/14/83. (e) Plantation Inn Hotel receipt for $ 1,480.55, representing charges made by petitioner. (f) Texas Collector's receipt for title application for 1978 Cadillac, vehicle #6D6958Q191818, reflecting petitioner as owner, dated 4/7/83. (g) Texas vehicle registration for homemade *553 utility trailer, reflecting petitioner as owner, dated 4/8/83. (h) Receipt No. 012241 from Grand Junction Travel reflecting $ 1,963.06 due addressed to Consulting Associates Corp. and reflecting $ 1,963.06 of charges for air travel by petitioner and Mrs. Elizabeth Erickson. (i) Cash receipt issued to Consulting Associates Corporation (Erickson) for $ 1,310.75, dated 3/6/83. [3]
On May 11, 1983, petitioner paid $ 50,000 cash to the United States District Court for the District of New Mexico as an appearance bond. On July 13, 1983, a hearing was held to determine whether petitioner had standing to contest the validity of a previously issued order *554 that permitted the placement of a transponder on the Cessna 404. During this hearing, petitioner testified that he had an ownership or possessory interest in the marijuana cargo. Further, petitioner testified that during the period from May 5 through May 9, 1983, he had the sole right to use and fly the aircraft and that he alone exercised total authority over the plane during this time. Lastly, petitioner testified that Chris Air was his business in that it was a "dba to keep the accounting records correct" and that it was not a corporation. The District Court ruled that the evidence indicated that the aircraft was not owned by petitioner, that he had failed to show that he had a reasonable expectation of privacy and therefore had no standing to contest the validity of the order. On July 29, 1983, respondent made a termination assessment in the amount of $ 202,217. In making this determination, respondent reconstructed petitioner's income using the specific expenditure method, based upon, among other items, purchases represented by the documents seized during the searches, the $ 50,000 appearance bond, the Cessna 404, and the drugs in the plane. Respondent has since conceded *555 that petitioner did not have unreported income attributable to the purchase of the Cessna 404. The general rule is that the taxpayer has the burden of proving respondent's determination of a deficiency to be incorrect. Welch v. Helvering, 290 U.S. 111 (1933); Rule 142(a). In the usual case, the courts refuse to look behind the notice of deficiency to examine the evidence used by respondent or the propriety of his motives or administrative policies or procedures in making the determination. See Petzoldt v. Commissioner, 92 T.C. 661, 687-688 (1989). Petitioner asserts that the instant case falls within the limited exception to this position, where respondent has determined that the taxpayer has unreported illegal income, which requires respondent to provide a proper foundation of substantive evidence linking the taxpayer to an income-producing activity. See Llorente v. Commissioner, 649 F.2d 152 (2d Cir. 1981), revg. in part and affg. in part 74 T.C. 260 (1980); Weimerskirch v. Commissioner, 596 F.2d 358, 362 (9th Cir. 1979), *556 revg. 67 T.C. 672 (1977); Jackson v. Commissioner, 73 T.C. 394 (1979). Petitioner asserts that he does not fall within the ambit of cases which have refused to apply the exception where cash or its equivalent, i.e., a bank account, was involved, Schad v. Commissioner, 87 T.C. 609, 618-620 (1986), affd. without published opinion 827 F.2d 774 (11th Cir. 1987), and Tokarski v. Commissioner, 87 T.C. 74, 75-77 (1986), or where the taxpayer owned specific non-cash assets determined by respondent to represent taxable income, Delaney v. Commissioner, 743 F.2d 670 (9th Cir. 1984), affg. a Memorandum Opinion of this Court (gold coins), and Schad v. Commissioner, supra (real estate). Petitioner's position is without merit. While there is language in Schad, Tokarksi, and Delaney which refers to funds or ownership, we are satisfied that such language was not intended to limit the holdings of these cases to those precise circumstances. Here, it is clear that petitioner was at least in possession of the drugs seized with the Cessna 404. Petitioner admitted *557 during the hearing to determine his standing to challenge the installation of the transponder that he had an "ownership or possessory interest in the marijuana cargo in that plane at the time." [4] Given the quantity involved, we think that this fact is enough to relieve the respondent of the initial burden of coming forward with other evidence linking petitioner to an income-producing activity insofar as the drugs are concerned. In any event, respondent would have no such obligation in respect of the cash posted to assure his court appearance. See Schad v. Commissioner, supra; Tokarski v. Commissioner, supra.
As far as the other items of income determined in the deficiency notice are concerned, *558 here again, we think that respondent should not be required initially to produce other evidence linking petitioner to an income-producing activity. The documentary evidence of record (the authenticity of which has not been challenged by petitioner) is, in our opinion, sufficiently reliable, at least in respect of connecting its contents with petitioner, see note 3, supra, to satisfy whatever burden respondent might otherwise have had. See Rule 803(24), Federal Rules of Evidence. Such documentary evidence is a far cry from the oral statement by informants which formed the basis of the holdings in Llorente v. Commissioner, supra, Weimerskirch v. Commissioner, supra, and Jackson v. Commissioner, supra.Moreover, we are not convinced that, once evidence of linkage of a taxpayer to an illegal income-producing activity has otherwise been established, as it has with respect to the drugs and cash herein, it is necessary for respondent to provide further evidence of linkage to all other items determined by him to be income, at least where those other items are in such small amounts as compared with the items as to which *559 such evidence has been provided. Indeed, petitioner herein has not clearly argued the issue of respondent's responsibility to produce other evidence of linkage as to any items other than the drugs. In any event, this is an issue which we find unnecessary to resolve definitely herein. Section 6001 requires all taxpayers to maintain sufficient records to determine their correct tax liabilities. Where a taxpayer fails to keep the required books and records, or if the records maintained do not clearly reflect income, then respondent is authorized by section 446 to reconstruct income in accordance with a method which clearly reflects the full amount of income received. Petzoldt v. Commissioner, supra at 686-687. Petitioner contends that respondent incorrectly failed to establish an opening net worth, as is generally required in using the cash expenditures method of income reconstruction. We have rejected this same argument in a situation comparable to that involved herein. Petzoldt v. Commissioner, supra at 694-697. We now turn to the question *560 whether petitioner has satisfied his burden of proof. Petitioner has offered no evidence as to the sources of the drugs (or its value as determined by respondent) or the cash. Nor has he produced any evidence from which it could be determined that Chris Air or Consulting Associates should be treated as separate taxable entities. In sum, petitioner has failed to carry his burden of proof that respondent's determinations as to the disputed items of income are incorrect. Respondent determined additions to tax under section 6653(a)(1) and (2). As petitioner has failed to challenge these items on brief, we deem this issue conceded. In any event, he has failed to carry his burden of proof. In order to reflect concessions by the parties, Decision will be entered under Rule 155. Footnotes
1. All statutory references are to the Internal Revenue Code as amended and in effect for the year in issue, and any Rule reference is to the Tax Court Rules of Practice and Procedure.↩
2. See United States v. Erickson, 732 F.2d 788↩ (10th Cir. 1984).
3. Document (g) was excluded from evidence for all purposes; document (a) was received in evidence in respect to the claimed burden on respondent to come forward with evidence connecting petitioner with an income-producing activity; and all other documents were admitted into evidence for all purposes, either by stipulation or ruling of the Court, subject to connection with other evidence in the case of documents (c), (h), and (i). The right to contest on brief the Court's rulings was reserved to petitioner, but he has not done so.↩
4. Petitioner was clearly in possession of the Cessna 404 and that would appear to be sufficient to put petitioner to his burden of proof as to the source of the drugs. Cf. Kent v. Commissioner, T.C. Memo. 1986-324↩, wherein a taxpayer manned a boat carrying drugs, it was apparently not considered necessary to deal with the issue of requiring respondent to produce evidence linking taxpayer to an income-producing activity.