T.C. Memo. 2002-239

UNITED STATES TAX COURT

ROBERT M. JOHNSON AND JANNA D. BEGOLE, f.k.a.
JANNA D. JOHNSON, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 20299-98.              Filed September 24, 2002.

Robert M. Johnson and Janna D. Begole, pro sese.

Ross M. Greenberg, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

SWIFT, Judge:  Respondent determined deficiencies in
petitioners' Federal income taxes, an addition to tax, and
accuracy-related penalties for 1992 and 1993 in the following
amounts:

| Year | Deficiency | Addition to Tax Sec. 6651(a) | Accuracy-Related Penalty Sec. 6662(a) |
|------|-----------|------------------------------|----------------------------------------|
| 1992 | $ 7,065 | -- | $1,413 |
| 1993 | 11,982 | $1,325 | 2,396 |

Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

The issues for decision are: (1) Whether petitioner Robert M. Johnson's S corporation had unreported income for 1992 and 1993; (2) whether petitioner Robert M. Johnson's S corporation overstated a portion of its deductions for 1992 and 1993; (3) whether petitioners are entitled to additional itemized deductions for 1992 and 1993; and (4) whether petitioners are liable for the addition to tax and accuracy-related penalties.

                    FINDINGS OF FACT

Some of the facts have been stipulated and are so found.

At the time the petition was filed, petitioners, former husband and wife, resided in Florida. Hereinafter, all references to petitioner in the singular are to Robert M. Johnson.

During the years in issue, petitioner, an attorney, was the sole shareholder of DUI Legal Centers, Inc. (DUI), an S law corporation with multiple offices located in Tampa, Sarasota,

Ft. Lauderdale, Orlando, and West Palm Beach, Florida. Petitioner and DUI specialized in representing clients charged with driving under the influence of alcohol.

In connection with client representations, petitioner frequently traveled to various courthouses throughout Florida, including courthouses located in Clearwater, Dade City, Ft. Lauderdale, Kissimmee, Manatee, New Port Richey, Orlando, Plant City, Sanford, Sarasota, St. Petersburg, Tampa, Tarpon Springs, Venice, and West Palm Beach.

During 1992 and 1993, Janna D. Begole (Begole), petitioner's former wife, was a paralegal at DUI, and Louis Johnson (Johnson), petitioner's father, was the office manager at the DUI office located in Sarasota, Florida.

During the years in issue, DUI received payments for legal services rendered. The payments were received via credit cards, personal checks, and cash. DUI maintained bank accounts at banks located in Tampa, Sarasota, and Orlando, Florida, and one of those three accounts was the designated bank account for each of DUI's respective offices.

During 1992 and 1993, all credit card authorization slips received at the various DUI offices in payment for legal services were forwarded to and deposited by Johnson into DUI's account located in Sarasota, Florida. In 1993, Johnson, on behalf of

DUI, deposited $33,025 in credit card authorization slips into DUI's bank account.

Cash and checks received at the various DUI offices for legal services rendered were deposited into the DUI bank account designated for that office.

During 1992 and 1993, Johnson periodically wrote checks, drawn on the DUI account in Sarasota in favor of DUI or cash, and mailed the checks to DUI's Tampa office for deposit by petitioner or by other DUI personnel into DUI's account in Tampa (interbank transfers).

For 1992 and 1993, DUI's books and records and petitioner's personal books and records were incomplete and inadequate.

DUI reported on its 1992 and 1993 S corporation Federal income tax returns gross receipts of $473,156 and $429,186, respectively.

On audit, using the bank deposits method, respondent determined that DUI had gross income not reported on DUI's 1992 and 1993 tax returns of $8,343 and $18,232, respectively.

Respondent calculated the amount of DUI's interbank transfers after meeting with Nick Ligori (Ligori), petitioner's accountant. Ligori provided respondent with a record prepared by Ligori that established interbank transfers of $40,850 for 1992 and $12,356 for 1993, including transfers of funds from DUI's account in Sarasota to its account in Tampa. For 1993, Ligori

provided to respondent's Appeals officer a canceled check as evidence of an additional $4,000 interbank transfer, and respondent credited DUI for the additional $4,000 interbank transfer when determining DUI's unreported income for 1993.

Set forth below is a summary schedule that reflects respondent's calculation of DUI's unreported gross income for 1992 and 1993:

|  | 1992 | 1993 |
|---|---|---|
| Bank Deposits | $ 548,309 | $ 488,841 |
| Less Reductions |  |  |
| Returned Checks | (18,812) | (17,179) |
| Refunds to Clients | (7,148) | (7,888) |
| Interbank Transfers | (40,850) | (16,356) |
| Gross Receipts | $ 481,499 | $ 447,418 |
| Gross Receipts as Reported | (473,156) | (429,186) |
| Unreported Gross Income | $ 8,343 | $ 18,232 |

On its S corporation tax returns for 1992 and 1993, DUI claimed as "other deductions" business expenses of $27,020 and $65,336, respectively.

On audit, respondent determined that a portion of DUI's claimed business deductions for the years in issue was not allowable. The deductions claimed by DUI and the amounts disallowed and allowed by respondent are reflected in the schedule below:

|  | 1992 | | |
|---|---|---|---|
|  | Claimed | Respondent Disallowed | Respondent Allowed |
| Credit Card Charges | $ 8,177 | $ 6,711 | $ 1,466 |
| Client Costs | 1,069 | 489 | 580 |
| Expense Reimbursement | 10,319 | 1,170 | 9,149 |
| Miscellaneous | 1,845 | 966 | 879 |
| Meals/Entertainment | 5,610 | 2,906 | 2,704 |
| Total | $27,020 | $12,242 | $14,778 |

|  | 1993 | | |
|---|---|---|---|
|  | Claimed | Respondent Disallowed | Respondent Allowed |
| Credit Card Charges | $ 9,705 | $ 6,781 | $ 2,924 |
| Client Costs | 22,925 | 17,797 | 5,128 |
| Expense Reimbursement | 10,927 | 2,365 | 8,562 |
| Professional Dues | 20,124 | 8,001 | 12,123 |
| Meals/Entertainment | 1,655 | 331 | 1,324 |
| Total | $65,336 | $35,275 | $30,061 |

On their individual joint Federal income tax returns for 1992 and 1993, petitioners claimed $20,792 and $25,594, respectively, as Schedule A itemized deductions for vehicle expenses, parking fees, travel expenses, and meals and entertainment expenses (hereinafter collectively referred to as job expenses) incurred by petitioners in their capacities as employees of DUI.

On audit, relying largely on petitioner's travel log, respondent allowed for each year $2,054 for vehicle expenses and $223 for parking fees after determining that petitioner in 1992 and in 1993, in his capacity as an employee of DUI, made 21 trips in his personal vehicle at an average of 300 miles per trip.

Respondent disallowed the balance of the claimed Schedule A itemized deductions relating to job expenses.

Petitioners filed their 1993 joint Federal income tax return on November 9, 1994, almost 7 months late.

OPINION

Generally, respondent's deficiency determinations are presumed correct, and the burden of proof is on taxpayers to show that respondent's determinations are incorrect.[1]  Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).  Taxpayers are expected to keep adequate records reflecting their income and expenses.  Sec. 6001; sec. 1.6001-1(a), (e), Income Tax Regs. Where taxpayers fail to maintain adequate books and records, respondent is allowed to reconstruct the taxpayers' income by any reasonable method.  Sec. 446(b); Erickson v. Commissioner, 937 F.2d 1548, 1553 (10th Cir. 1991), affg. T.C. Memo. 1989-552; Parks v. Commissioner, 94 T.C. 654, 658 (1990).

DUI's Gross Income

The bank deposits method has long been sustained by the courts as a means of computing unreported income.  Clayton v. Commissioner, 102 T.C. 632, 645 (1994); DiLeo v. Commissioner, 96

---

[1]  Respondent's examination of petitioners' 1992 and 1993 joint Federal income tax returns began in 1996.  Accordingly, the shift in the burden of proof or of production that is available in some circumstances under sec. 7491 is not applicable.

T.C. 858, 867 (1991), affd. 959 F.2d 16 (2d Cir. 1992).
Particularly where taxpayers fail to keep adequate records, bank deposits constitute prima facie evidence of income.  Tokarski v. Commissioner, 87 T.C. 74, 77 (1986).

For 1992, petitioners do not contest respondent's bank deposits calculation of DUI's gross income.  For 1993, petitioners argue that $16,669 of the $18,232 unreported income of DUI as calculated by respondent represents additional nontaxable interbank transfers for which petitioners should be given credit.  Petitioner testified generally that the standard practice of DUI was to transfer all of the funds received in the form of credit card authorization slips and initially deposited into DUI's bank account located in Sarasota, Florida, to DUI's bank account located in Tampa, Florida.  Begole testified only that some of DUI's funds received and deposited represented interbank transfers, and petitioner did not call Johnson or Ligori to testify even though they likely were in the best positions to know the specifics relating to the interbank transfers.  Petitioner did not offer sufficient corroborating evidence regarding the alleged additional interbank transfers to the DUI bank account located in Tampa, Florida, and we find petitioner's testimony unpersuasive.

We sustain respondent's determinations of DUI's unreported gross income for 1992 and 1993.

DUI's Claimed Business Expenses

Section 162 allows deductions for ordinary and necessary expenses incurred in carrying on a trade or business. Deductions are a matter of legislative grace, and taxpayers generally have the burden of showing they are entitled to the deductions claimed. Rule 142(a); INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992).

Where taxpayers are unable to fully justify their entitlement to claimed business deductions, this Court may approximate the amount of allowable business deductions, bearing heavily against the taxpayer whose inexactitude is of his own making. Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930). For the Cohan rule to apply, however, a basis should exist on which an approximation can be made by this Court. Vanicek v. Commissioner, 85 T.C. 731, 742-743 (1985).

Petitioner has not established any evidentiary basis justifying an application of the Cohan rule, and petitioner has not met his burden of proving his entitlement to additional business expense deductions. We sustain respondent's determination of DUI's allowable business expense deductions.

Claimed Schedule A Itemized Deductions

Petitioner's claimed additional travel, meal, and entertainment expenses are deductible under section 162 only to the extent petitioner satisfies the heightened substantiation requirements of section 274(d).

Thereunder, to support their deductibility, taxpayers are required to substantiate by adequate records or by sufficient evidence corroborating their own statements, the amount, time, place, and business purpose of the claimed expenses. The section 274(d) substantiation requirements supersede the Cohan rule making the Cohan rule generally inapplicable for expenses covered by section 274(d). Sec. 1.274-5T(a), Temporary Income Tax Regs., 50 Fed. Reg. 46014 (Nov. 6, 1985).

Generally, taxpayers are required to maintain records such as account books, diaries, logs, statements of expenses, or trip sheets, and documentary evidence, which, in combination, are sufficient to establish the fact and business nature of the claimed expenses. Sec. 1.274-5T(c)(2), Temporary Income Tax Regs., 50 Fed. Reg. 46017 (Nov. 6, 1985).

Petitioner argues that the claimed expenses were incurred in his occupation as an attorney and that the expenses related to his extensive travel making court appearances throughout Florida. Petitioner argues that it is obvious that he incurred more business travel expenses than those allowed by respondent. No

records, however, substantiate business travel expenses beyond those allowed by respondent. Begole testified generally to petitioner's work schedule and travel but did not offer specific details that would adequately substantiate the claimed expenses.

Petitioner has not adequately substantiated travel expenses other than those vehicle expenses and parking fees allowed by respondent.

## Addition to Tax and Penalties

Section 6651(a)(1) imposes additions to tax where taxpayers fail to timely file income tax returns unless the failure is due to reasonable cause. To establish reasonable cause, taxpayers must show that they exercised ordinary business care and prudence but were still unable to file their tax returns by the due dates. Sec. 301.6651-1(c)(1), Proced. & Admin. Regs. Whether the untimely filing of tax returns is due to reasonable cause raises a question of fact. Denenburg v. United States, 920 F.2d 301, 303 (5th Cir. 1991).

Petitioner cites "unusual" personal circumstances and excessive work for DUI as the reasons for his lack of records and his and Begole's inability to timely file their 1993 income tax return.

Petitioners have not established reasonable cause as to why, with the help of their accountant, they were unable to file on time their 1993 Federal income tax return. We sustain

respondent's determination of the addition to tax for petitioners' failure to timely file their 1993 Federal income tax return.

Section 6662(a) imposes a penalty of 20 percent on underpayments of tax attributable to negligence or to disregard of rules and regulations. The definition of negligence includes the failure by taxpayers to properly and adequately maintain books and records. Sec. 1.6662-3(b)(1), Income Tax Regs.

We sustain respondent's determination of the accuracy-related penalties for 1992 and 1993.

Decision will be entered for

respondent.