T.C. Memo. 2013-246

UNITED STATES TAX COURT

ALVIN D. CRAIGHEAD, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 12415-12.                      Filed October 29, 2013.

Alvin D. Craighead, pro se.

Britton G. Wilson, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

PARIS, Judge: Respondent issued to petitioner a notice of deficiency for
the 2009 tax year. In response, petitioner filed a petition on May 16, 2012, raising
the defense that he was not required to file a tax return for the 2009 tax year.
After preparing his own self-assessment, petitioner maintains that he was not
required to file a Federal tax return because his gross income was below the filing

[*2] threshold.  Further, petitioner contends that respondent's determination was incorrect because he did not remember receiving the income reflected on respondent's 2009 substitute for return, prepared under section 6020.[1]

After concessions, the issues for decision are:  (1) whether petitioner was required to file a Federal tax return for the 2009 tax year; (2) the amount of petitioner's taxable income for the 2009 tax year; and (3) whether petitioner was entitled to a making work pay credit for the 2009 tax year.[2]

FINDINGS OF FACT

Some of the facts have been stipulated and are so found.  The stipulation of facts, the exhibit attached to the stipulation of facts, and the exhibits admitted at trial and by order are incorporated herein by this reference.  Petitioner resided in Oklahoma when the petition was filed.

On October 24, 2011, respondent prepared for petitioner a substitute for return for 2009 under section 6020(b).  On February 22, 2012, respondent issued petitioner a notice of deficiency for the 2009 tax year, determining that petitioner

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code (Code) in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

[2]Respondent conceded petitioner is not liable for additions to tax under sec. 6651(a)(1) and (2) for the 2009 tax year.

**[*3]** received wages of $7,571, Social Security benefits of $15,308, unemployment compensation of $9,450, royalties of $354, and an annuity distribution of $360 in the 2009 tax year.[3] Respondent supported all of the income determinations through third-party documentation except for the royalties. Respondent supported the royalties with information provided on a Form 1099-MISC, Miscellaneous Income, reflecting the name of the payer, but this Form was not directly entered into evidence.[4]

At trial petitioner did not remember most of the income received in the 2009 tax year. He remembered working for Terra Soil Farming, LLC, but could not remember whether he received wages from the company in 2009. He recognized that he owned a small amount of mineral rights but did not remember whether he received royalties in tax year 2009. Petitioner remembered receiving unemployment benefits but did not remember how much he received in the 2009 tax year. Petitioner did not remember receiving any retirement or annuity distribution but did remember working for the company for whom the annuity was

---

[3]All amounts are rounded to the nearest dollar.

[4]As discussed below, petitioner admitted to owning the property for which the royalties were paid.

**[\*4]** paid.[5]  Petitioner remembered receiving Social Security benefits, but disputed the amount he received in 2009.[6]

Respondent's original 2009 substitute for return included $15,308 of Social Security benefits.  Respondent later determined that petitioner repaid $4,446 of the Social Security benefits, thereby reducing his net Social Security benefits to $10,862 for the 2009 tax year.  Similarly, in addition to the $5,700 standard deduction allowed on the original substitute for return, respondent later determined at trial that petitioner was entitled to an additional $1,400 standard deduction for the 2009 tax year because he was over the age of 65.  As a result of these subsequent determinations, respondent decreased petitioner's 2009 deficiency from $2,734 to $58.

OPINION

The Commissioner's determinations in a notice of deficiency are generally presumed correct and the taxpayer bears the burden of proving that the determinations are erroneous.  Rule 142(a); <u>Welch v. Helvering</u>, 290 U.S. 111,

---

[5]The retirement income was paid in the form of an annuity distribution by Principal Life Insurance for the benefit of Terra Renewal Services, Inc.

[6]As discussed below, respondent conceded that petitioner received net Social Security benefits lower than originally determined in the notice of deficiency--aligning with petitioner's testimony at trial.

[*5] 115 (1933); United States v. McMullin, 948 F.2d 1188, 1192 (10th Cir. 1991). In unreported income cases the presumption of correctness does not attach until the Commissioner has produced some substantive evidence demonstrating the taxpayer received the unreported income. McMullin, 948 F.2d at 1192; see also Erickson v. Commissioner, 937 F.2d 1548 (10th Cir. 1991), aff'g T.C. Memo. 1989-552. Respondent produced third-party evidence to establish that petitioner received unreported income, and the presumption has attached. Further, petitioner has not asserted that the burden has shifted, and in fact he has openly accepted the burden.

Section 6012 requires every individual who has gross income over a certain amount to file an income tax return. An unmarried individual taxpayer must make a return if he or she has gross income in excess of the sum of the exemption amount plus the basic standard deduction applicable to that individual. See sec. 6012(a)(1)(A)(i). Further, the threshold amount is increased by an additional standard deduction--as defined by section 63(c)(3)--if a single taxpayer is over the age of 65 at the end of the tax year. See sec. 6012(a)(1)(B).

Under section 151(a), an individual is allowed an income exemption as a deduction when computing his or her taxable income. The exemption amount is adjusted each year for inflation and was $3,650 for each 2009 tax year exemption.

[*6] See sec. 151(d)(4); Rev. Proc. 2008-66, 2008-45 I.R.B. 1107. The exemption amount is phased out when a taxpayer's adjusted gross income exceeds a threshold amount, which was $166,800 for the 2009 tax year. See sec. 151(d)(3); Rev. Proc. 2008-66, supra. As discussed below, petitioner's adjusted gross income is below $166,800 and his $3,650 personal exemption is not reduced for the 2009 tax year.

Under section 63 an individual taxpayer who does not elect to itemize deductions is allowed to deduct a standard amount--known as a standard deduction--from his or her income. See sec. 63(b) and (c). An individual's standard deduction may be made up of several smaller components. See sec. 63(c)(1). Single taxpayers who do not itemize are generally allowed a basic standard deduction, which was $5,700 for the 2009 tax year. Sec. 63(c)(1)(A); Rev. Proc. 2008-66, supra. An additional standard deduction, which was $1,400 for the 2009 tax year, is allowed for single taxpayers who are not surviving spouses and over the age of 65 before the end of the taxable year. See sec. 63(f)(1)(A). Petitioner testified that in 2009 he was over 65 and did not itemize his deductions. Petitioner does not contend that he was entitled to any other deductions provided in section 63(c)(1). Accordingly, he was entitled to a basic standard deduction of $5,700 and an additional standard deduction of $1,400 because he was older than 65 at the end of the 2009 tax year.

**[\*7]** To summarize, for the 2009 tax year petitioner is entitled to a personal exemption of $3,650 under section 151(a), a basic standard deduction of $5,700 under section 63(c)(1)(A), and an additional standard deduction of $1,400 under section 63(f)(1)(A). The sum of these three amounts helps determine whether petitioner was exempt from filing a Federal income tax return for the 2009 tax year. See sec. 6012(a)(1)(A)(i) and (B). In other words, petitioner would not be required to file a return if he received less than $10,750 of gross income in the 2009 tax year.

Gross income means all income from whatever source derived, including wages, royalties, pensions, annuities, and several other types of income. Sec. 61. Respondent reconstructed petitioner's gross income using information from third-party returns and records. Respondent adequately supported the determination that petitioner received $7,571 of wages from Terra Soil Farming, LLC, in the 2009 tax year by introducing third-party documentation. Respondent also showed that petitioner received $354 of mineral royalties from Edward Oil Co. and a $360 annuity distribution from Principal Life Insurance on behalf of Terra Renewal Services, Inc., in the 2009 tax year. Petitioner did not assert any reasonable dispute of the third-party returns under section 6201(d) or otherwise meet his burden of proving he did not receive the unreported income. Accordingly,

**[*8]** petitioner's gross income includes his wages, royalties, and an annuity distribution for the 2009 tax year.

Gross income for individual taxpayers also generally includes unemployment compensation. Sec. 85(a). This includes any amount received under a law of the United States or any State that is in the nature of unemployment compensation. Sec. 85(b). For the 2009 tax year, however, a taxpayer is entitled to exempt $2,400 of his or her unemployment compensation from gross income. Sec. 85(c). In other words, a taxpayer is required to include only unemployment compensation over $2,400 in his or her gross income. Respondent introduced evidence to support the determination that petitioner received $9,450 of unemployment compensation from the Oklahoma Employment Security Commission in the 2009 tax year. After applying the exemption, petitioner's gross income includes $7,050 of unemployment compensation for the 2009 tax year.

Generally gross income includes at least some portion of any Social Security benefits received by a taxpayer. See sec. 86(a). However a taxpayer's gross income will not include any Social Security benefits if the sum of the taxpayer's modified adjusted gross income plus one half of his or her Social Security benefits does not exceed a base amount. Sec. 86(b)(1). The base amount

**[\*9]** provided in section 86(b)(1)(B) for a single taxpayer was $25,000 for the 2009 tax year.  Sec. 86(c)(1)(A).

For this equation, Social Security benefits means any amount received by a taxpayer by reason of entitlement to a monthly benefit under title II of the Social Security Act.  Sec. 86(d)(1)(A).  The amount of Social Security benefits received during any taxable year shall be reduced by any repayment made by a taxpayer during the taxable year of a Social Security benefit previously received by the taxpayer regardless of whether the benefit was received during the taxable year. See sec. 86(d)(2).  Third-party reporting originally reflected that petitioner received a total of $15,308 in Social Security benefits, and certified transcripts from the Social Security Administration later showed that petitioner repaid $4,446 of the benefits during the 2009 tax year.[7]  This means that petitioner received Social Security benefits of $10,862 for purposes of section 86(b)(1)(A)(ii).  One-half of this amount is $5,431.

Under section 86(b)(2), modified adjusted gross income means a taxpayer's adjusted gross income without regard to Social Security benefits but includes any tax-exempt interest the taxpayer received.  Petitioner did not have any adjustments

---

[7]The "repayments" were actually withheld from Social Security benefits before payment to petitioner.

**[*10]** to his gross income, and therefore his adjusted gross income is equal to his gross income. Further, petitioner did not receive any tax-exempt interest. Accordingly, his modified adjusted gross income equals his gross income without including any Social Security benefits. As discussed above, petitioner's 2009 gross income includes $7,571 of wages, $354 of mineral royalties, $360 of annuity income, and $7,050 of unemployment compensation--for a total modified adjusted gross income of $15,335.

The sum of one-half of petitioner's Social Security benefits, $5,431, plus his modified adjusted gross income, $15,335, equals $20,766.[8] The base amount for a single taxpayer is $25,000. Sec. 86(c)(1)(A). Accordingly, petitioner's 2009 gross income does not include his Social Security benefits because under section 86(b), the sum of his modified adjusted gross income plus his received Social Security benefits was less than the base amount.

As a result, respondent has adequately supported the determination that petitioner's taxable income for the 2009 tax year was $15,335.[9] This amount exceeds his filing threshold of $10,750 computed under section 6012(a)(1)(A)(i)

---

[8]Respondent's opening brief reports two different sums for this equation: an erroneous sum of $20,731 and the correct sum of $20,766.

[9]As discussed above, petitioner's gross income equaled his adjusted gross income because he did not have any adjustments to his gross income. See sec. 62.

**[*11]** and (B).  Accordingly, petitioner was required to file a Federal tax return for the 2009 tax year.

Under section 36A(a), an eligible individual taxpayer is allowed a credit against tax equal to the lesser of:  (1) 6.2% of the taxpayer's earned income, or (2) $400.  The credit--called the making work pay credit--starts to phase out when a taxpayer's modified adjusted gross income is more than $75,000.[10]  Sec. 36A(b).  Under sections 36A(d)(2) and 32(c)(2), earned income means wages, salaries, tips, and other employee compensation.  Earned income does not include pension or annuity income.  Sec. 32(c)(2)(B)(ii).  Only petitioner's $7,571 of wages received from Terra Soil Farming, LLC, satisfies the definition of earned income.  Accordingly, because 6.2% of petitioner's $7,571 of wages is $469, which is more than $400, petitioner is entitled to a $400 making work pay credit.

In conclusion, petitioner did not carry his burden of proving that respondent's determinations were erroneous.  Respondent's determination that petitioner's gross income included $7,571 of wages, $354 of royalties, a $360 annuity distribution, and $7,050 of unemployment compensation for the 2009 tax

---

[10]The term "modified adjusted gross income" under sec. 36A is different from "modified adjusted gross income" in sec. 86, as discussed above.  The difference is moot because the phaseout of the sec. 36A credit does not apply to petitioner.

[*12] year is sustained.  As a result, petitioner was required to file a 2009 tax return because his gross income was more than the sum of his standard deduction and personal exemption.  Respondent's determination as modified to reflect the increased standard deduction for single taxpayers over the age of 65 and the removal of petitioner's Social Security benefits is sustained.[11]  Respondent's determination that petitioner was entitled to a $400 making work pay credit is also sustained for the 2009 tax year.[12]

To reflect the foregoing,

<u>An appropriate decision</u>

<u>will be entered</u>.

---

[11]As noted above, respondent miscalculated the sum of one-half petitioner's Social Security benefits and his modified adjusted gross income.  This error, however, does not change petitioner's taxable income because the correct sum is still below the $25,000 base provided in sec. 86(c)(1)(A).

[12]Respondent conformed the determinations to reflect the exhibits presented at trial--described above--and subsequently decreased petitioner's deficiency to $58.  Respondent also conceded the additions to tax under sec. 6651(a)(1) and (2) for tax years 2009.