# United States Tax Court

T.C. Memo. 2022-82

JAMIE B. HALL,
Petitioner

v.

COMMISSIONER OF INTERNAL REVENUE,
Respondent

_____

Docket No. 8541-20.                                    Filed July 28, 2022.

_____

Jamie B. Hall, pro se.

*Andrew J. Davis* and *Tamara L. Kotzker*, for respondent.


## MEMORANDUM FINDINGS OF FACT AND OPINION

MARSHALL, *Judge*:  Respondent issued notices of deficiency for the 2016 and 2017 tax years in which the following deficiencies and additions to tax were determined:[1]

|  |  | *Additions to Tax* | | |
| *Year* | *Deficiency* | *I.R.C. § 6651(a)(1* | *I.R.C. § 6651(a)(2)* | *I.R.C. § 6654(a)* |
| 2016 | $11,940 | $2,687 | $2,328 | $285 |
| 2017 | 16,402 | 3,690 | 2,050 | 393 |

[1] Unless otherwise indicated, all statutory references are to the Internal Revenue Code, Title 26 U.S.C., in effect at all relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure.  All monetary amounts are rounded to the nearest dollar.

[*2] The notices of deficiency determined deficiencies arising from unreported dividends and long-term capital gains from two trusts.

Petitioner filed a Petition with the Court disputing the notices of deficiency. At trial respondent conceded the section 6651(a)(2) additions to tax for both years at issue. Accordingly, respondent requested to increase the section 6651(a)(1) additions to tax to 25% of the amounts required to be shown as tax on the returns for the 2016 and 2017 tax years. *See* § 6651(a)(1), (c)(1).

After concessions, the issues for decision are whether petitioner: (1) failed to report dividend income of $3,066 and $1,667 on her 2016 and 2017 income tax returns, respectively; (2) failed to report capital gain income of $71,960 and $83,518 on her 2016 and 2017 income tax returns, respectively; (3) is liable for section 6651(a)(1) additions to tax for failure to timely file income tax returns for the 2016 and 2017 tax years; and (4) is liable for section 6654(a) additions to tax for underpayments of estimated tax for the 2016 and 2017 tax years.

FINDINGS OF FACT

No facts have been stipulated. These findings are based on the exhibits and testimony presented at trial. Petitioner resided in Colorado when she timely filed her Petition.

During the 2016 and 2017 tax years petitioner was a beneficiary of two trusts and received distributions from each. The name of the first trust was a variation of Jamie Bennett Hall, and its trustee was Marshall C. Hall (Trust 1). The second trust was the OD Musgrove Trust, which had a different trustee (Trust 2).[2]

Petitioner received Schedules K–1 (Form 1041), Beneficiary's Share of Income, Deductions, Credits, etc., from Trust 1 and Trust 2. Petitioner did not file a federal income tax return for the 2015, 2016, or 2017 tax year, or pay estimated income tax for the 2016 or 2017 tax year. Respondent prepared substitutes for returns for petitioner for the 2016 and 2017 tax years.

---

[2] The names of the two trusts that made payments to petitioner were unclear. For example, the trial transcript refers to Trust 2 as the OD Musgrove Trust while respondent's Pretrial Memorandum refers to the OD Musgrave Trust. Petitioner's responses to questions about Trust 1 and Trust 2 were vague and evasive.

**[*3]**                                    OPINION

I.      *Burden of Proof*

In general, the Commissioner's determination of a deficiency is presumed correct, and the taxpayer has the burden of proving otherwise.[3]  *See* Rule 142(a); *Welch v. Helvering*, 290 U.S. 111, 115 (1933).  In unreported income cases, however, the U.S. Court of Appeals for the Tenth Circuit requires the Commissioner to establish "[s]ome reasonable foundation for the assessment" in order to preserve the presumption of correctness.  *Erickson v. Commissioner*, 937 F.2d 1548, 1551 (10th Cir. 1991) (emphasis omitted), *aff'g* T.C. Memo. 1989-552.[4]  Once the Commissioner introduces some substantive evidence linking the taxpayer to the income, the presumption of correctness applies and the burden shifts to the taxpayer to produce substantial evidence overcoming it.  *United States v. McMullin*, 948 F.2d 1188, 1192 (10th Cir. 1991); *see also Bolles v. Commissioner*, T.C. Memo. 2019-42, at *13.

Petitioner testified at trial that, during the 2016 and 2017 tax years, petitioner was a beneficiary of Trust 1 and Trust 2 and received distributions from them.  Petitioner's testimony establishes a reasonable foundation, and the presumption of correctness attaches to respondent's income adjustments for the years at issue.  Accordingly, petitioner bears the burden of proving that the deficiency determinations are erroneous.

II.     *Reporting of Income*

Petitioner does not dispute the amounts paid by Trust 1 and Trust 2 nor the receipt of the Schedules K–1 but instead argues that the amounts were paid to a trust and are not taxable.  *See* § 61.  At trial petitioner took the position that "[w]hat is here before the Court today is a trust, and that would be 'we', 'us', 'it', right. Trusts are not 'I', and so

---

[3] Under section 7491(a), the burden of proof may shift to the Commissioner as to certain factual issues relevant to a taxpayer's tax liability if the taxpayer meets certain conditions.  *See Higbee v. Commissioner*, 116 T.C. 438, 440–43 (2001).  Petitioner does not contend that the burden of proof should shift to respondent under section 7491(a), nor has she established that the requirements for shifting the burden of proof have been met.  Accordingly, the burden of proof remains on petitioner.  *See* § 7491(a)(2).

[4] We apply the precedent of the Tenth Circuit, to which an appeal in this case lies absent a stipulation to the contrary.  *See* § 7482(b); *Golsen v. Commissioner*, 54 T.C. 742, 757 (1970), *aff'd*, 445 F.2d 985 (10th Cir. 1971).

**[\*4]** the full legal name of the trust is Jamie Bennett Hall, along with uniquely identifiable Social Security number, is what has established that trust."[5] Petitioner confirmed that the Social Security number on the Social Security card she offered into evidence matched the Social Security number on the notices of deficiency. Petitioner testified that she does not operate as an individual, including for federal tax purposes. When asked to clarify further, petitioner stated:

> The trust has been lent physical consciousness in capacity to the office of trustee, yes. That works in law. . . . [T]he trust is the trust, and it's lent consciousness and physical capacity, but that doesn't make an individual a part of the trust. You see, the trust is—in our understanding of law, the trust is still its own entity, and uniquely in Tax Court, it is allowed to represent itself, but only in Tax Court.

Petitioner argues that the Social Security Administration created the Jamie Bennett Hall trust by assigning to her a Social Security number and a Social Security card. She argues that the property originally held in the purported trust is the Social Security card and that the Social Security Administration purportedly indicated an intention to form the trust by sending her this card. Petitioner states that the beneficiary of the purported Jamie Bennett Hall trust is the U.S. Government, and therefore the trust is a U.S. Government agency trust and is not taxable. Petitioner further argued that, because respondent determined that she is liable for deficiencies and additions to tax as an individual, respondent used "inappropriate forms to come up with Notices of Deficiency."

This Court and other courts have clearly rejected versions of this argument. *Lizalek v. Commissioner*, T.C. Memo. 2009-122, 2009 WL 1530160, at \*4 ("[The taxpayer] has not established that a valid trust exists. The issuance of a Social Security card is not a transfer of property that creates a trust as [the taxpayer] contends. . . . [The taxpayer] has not provided any legitimate trust documents forming the purported trust. The purported trust does not reflect economic reality and is not recognized for Federal tax purposes."); *United States v. Welch*, No. 11-cv-02292-CMA-KLM, 2013 WL 5338507, at \*9 (D. Colo. July 25,

---

[5] The purported trust that petitioner claims to have been formed when the Social Security Administration assigned to her a Social Security number and issued to her a Social Security card is separate and distinct from Trust 1 although they may have similar or identical names.

[*5] 2013) ("Defendant Welch's argument that the JIM Trust is the true and accurate holder of the [Social Security Number (SSN)] is foreclosed by the statutory and regulatory scheme, which makes it clear that only natural persons are eligible to be assigned an SSN. . . . Although not directly addressed by the Tenth Circuit, this same argument has been repeatedly rejected by other courts as frivolous."), *report and recommendation adopted*, 2013 WL 4434250 (D. Colo. Aug. 15, 2013); *Crummey v. Social Sec. Admin.*, 794 F. Supp. 2d 46, 56 (D.D.C. 2011) ("[To accept Crummey's position,] the fact-finder would have to accept that the [Social Security Administration (SSA)] in fact created the Trust by assigning Crummey an SSN and [a Social Security Card (SSC)]. When this same contention was last presented to this Court, it was resoundingly rejected."); *Van De Berg v. Social Sec. Admin.*, 254 F.R.D. 144, 146–47 (D.D.C. 2008) (describing plaintiff's argument that the SSA created a trust that borrowed his consciousness and physical capacity when it provided him a SSC as "clearly baseless" and "frivolous"), *aff'd per curiam*, 2009 WL 2568738 (D.C. Cir. Apr. 28, 2009); *Bond v. Commissioner of Revenue*, 691 N.W.2d 831, 837–38 (Minn. 2005) ("The SSA has not manifested any intent to create a trust with individual taxpayers. The purpose of Social Security was not to create trusts with individual taxpayers, but was to provide social insurance . . . . Bond claims that the following acts provide evidence of the SSA's intent to establish the FREDERICK O. BOND Trust: (1) the issuance of Bond's Social Security number; (2) the distribution of Bond's Social Security card; and (3) the holding open of an account under his issued Social Security number. We conclude that these three acts do not create a genuine issue as to whether the SSA intended to create a trust and that these three acts are more comparable to acts taken to create information-tracking systems."). We will not repeat their thoughtful analyses or further address this argument. *Crain v. Commissioner*, 737 F.2d 1417, 1417 (5th Cir. 1984) (per curiam) ("We perceive no need to refute these arguments with somber reasoning and copious citation of precedent; to do so might suggest that these arguments have some colorable merit."); *Wnuck v. Commissioner*, 136 T.C. 498, 499 (2011) (explaining why we do not address frivolous arguments).

The issuance of petitioner's Social Security card is not a transfer of property that creates a trust, as petitioner contends. Petitioner has not provided any legitimate trust documents forming the purported trust. The purported trust does not reflect economic reality and is not recognized for income tax purposes. Accordingly, we sustain respondent's deficiency determinations for the 2016 and 2017 tax years.

**[\*6]** III.    *Additions to Tax*

Respondent determined that petitioner is liable for additions to tax for failure to timely file a return under section 6651(a)(1) and failure to pay estimated income tax under section 6654(a) for the 2016 and 2017 tax years.  The Commissioner bears the burden of production with respect to a taxpayer's liability for additions to tax under sections 6651(a)(1) and 6654(a).  § 7491(c).  To satisfy this burden the Commissioner must present sufficient evidence to show that it is appropriate to impose the penalty in the absence of available defenses. *See Higbee*, 116 T.C. at 446.

Section 6651(a)(1) imposes an addition to tax for failure to file a return on the date prescribed unless such failure is due to reasonable cause and not due to willful neglect.  Petitioner admitted to not filing income tax returns for the 2016 and 2017 tax years, so respondent has met his burden of production.  Petitioner's rationale for not filing a return hinges on her trust argument, which is frivolous.  Furthermore, petitioner testified that she did not consult with anyone about her trust argument.[6]  Accordingly, we hold that petitioner is liable for the section 6651(a)(1) additions to tax for both years at issue.  Because respondent conceded the section 6651(a)(2) additions to tax for the years at issue, the limitation of section 6651(c)(1) is inapplicable.  The section 6651(a)(1) additions to tax for the 2016 and 2017 tax years will be 25% of the amounts required to be shown as tax on the returns.[7]

Section 6654(a) imposes an addition to tax if a taxpayer underpays his or her estimated tax.  A taxpayer generally must pay estimated tax for a particular year if he or she has a "required annual payment" for that year.  § 6654(d)(1)(A); *Wheeler v. Commissioner*, 127 T.C. 200, 211 (2006), *aff'd*, 521 F.3d 1289 (10th Cir. 2008).  A taxpayer's

---

[6] When asked whether she consulted with anyone about her legal arguments, petitioner testified: "No, ma'am, we've been studying what the law has been saying in an effort to understand.  Actually it started as a study of history, and then we started seeing, oh my goodness, what is this, and kept going.  And that's what we are here today."

[7] Respondent bears the burden of proof with regard to any increased deficiency. *See* Rule 142(a).  However, the amount of the section 6651(a)(1) addition to tax is a computational matter based on the amount of tax due.  *Bhattacharyya v. Commissioner*, T.C. Memo. 2007-19, 2007 WL 247821, at \*12 n.19.  To the extent respondent bears the burden of proving an increased section 6651(a)(1) addition to tax, respondent has met the burden because, as discussed above, petitioner is liable for the deficiencies.  *See id.*

**[\*7]** required annual payment is equal to the lesser of: (1) 90% of the tax shown on the individual's return for that taxable year or, if no return is filed, 90% of the tax for such year, or (2) if the taxpayer filed a return for the immediately preceding taxable year, 100% of the tax shown on that return. § 6654(d)(1)(B); *Wheeler*, 127 T.C. at 210–11. Petitioner admitted to not filing income tax returns for the 2015 and 2016 tax years and to not paying estimated tax for the 2016 and 2017 tax years. We do not find that a statutory exception to the addition to tax applies for either year at issue. *See* § 6654(e). Accordingly, we hold that petitioner is liable for the section 6654(a) additions to tax.

IV.    *Conclusion*

For the foregoing reasons, we hold that petitioner failed to report income for the 2016 and 2017 tax years, and we will sustain the deficiencies and the additions to tax under sections 6651(a)(1) and 6654. We have considered all other arguments made and facts presented in reaching our decision, and to the extent not discussed above, we conclude that they are moot, irrelevant, or without merit.

To reflect the foregoing,

*Decision will be entered under Rule 155.*