# United States Tax Court

T.C. Memo. 2025-67

PAUL H CHRISTIANSEN,
Petitioner

v.

COMMISSIONER OF INTERNAL REVENUE,
Respondent

————

Docket No. 20159-23.                                     Filed June 26, 2025.

————

Paul H Christiansen, pro se.

*Rex R. Boge*, *Skyler K. Bradbury*, and *Inga C. Plucinski-Holbrook*, for respondent.

## MEMORANDUM OPINION

PUGH, *Judge*: In a Notice of Deficiency dated September 27, 2023, the Internal Revenue Service (IRS or respondent) determined a deficiency of $5,685 in petitioner's 2020 federal income tax and an accuracy-related penalty of $1,137 pursuant to section 6662(a).[1]

## *Background*

This case was submitted fully stipulated pursuant to Rule 122. The stipulated facts are incorporated by this reference. Petitioner resided in Utah when he timely filed his Petition.

_____

[1] Unless otherwise indicated, statutory references are to the Internal Revenue Code, Title 26 U.S.C., in effect at all relevant times, regulation references are to the *Code of Federal Regulations*, Title 26 (Treas. Reg.), in effect at all relevant times, and Rule references are to the Tax Court Rules of Practice and Procedure. We round all monetary amounts to the nearest dollar.

**[\*2]** During 2020 petitioner was employed by Honeyville, Inc. (Honeyville). Honeyville issued to him Form W–2, Wage and Tax Statement, reporting that it paid him wages of $55,142. Petitioner also received Form 1099–R, Distributions From Pensions, Annuities, Retirement or Profit-Sharing Plans, IRAs, Insurance Contracts, etc., from Bank of America, N.A., reporting $2,223 in annuity payments.

Petitioner filed his 2020 Form 1040, U.S. Individual Income Tax Return, reporting no wages and no taxable income and seeking a refund of $4,717 (comprising $2,917 of federal income tax withholdings and an $1,800 recovery rebate credit). The return bears a date of April 24, 2021. In Boxes 1 and 5a, petitioner noted "OMB No. 1545-0771" and "No. OMB approval," respectively, and attached a Supporting Statement. Petitioner did not elect a filing status on his Form 1040 but was legally married for all of 2020 and resided with his spouse. The IRS Account Transcript for tax year 2020 suggests that petitioner's 2020 return was received on or before the due date of April 15, 2021 (that is, before the date shown on the return).[2] And it indicates that the return was processed on April 4, 2022.

The IRS mailed petitioner a letter, dated August 3, 2022, stating that petitioner "filed a purported tax return . . . that claimed one or more frivolous positions." (This letter listed Nov. 8, 2021, as the date of filing of petitioner's 2020 return.) The letter directed petitioner to file a corrected return within 30 days and warned that, if no action was taken, the IRS would assess a $5,000 frivolous return penalty under section 6702.

The Correspondence Examination Automation Report documented that the examining agent's immediate supervisor approved assertion of the accuracy-related penalty in the Notice of Deficiency "per Lead sheet completed on case."

*Discussion*

*Burden of proof*

Generally, the taxpayer bears the burden of proving that the Commissioner's determinations set forth in a Notice of Deficiency are in error. Rule 142(a)(1); *Welch v. Helvering*, 290 U.S. 111, 115 (1933). The fact that this case has been submitted under Rule 122(a) "does not alter

---

[2] The date discrepancy itself does not affect our analysis; we note the different dates because they appear on the face of documents that we must consider.

[*3] the burden of proof, or the requirements otherwise applicable with respect to adducing proof, or the effect of failure of proof." Rule 122(b). In any event petitioner has not established that the burden of proof has shifted to respondent pursuant to section 7491(a).

*Unreported income*

Gross income includes all income from whatever source derived, including wages, salaries, compensation for services, and annuities. § 61(a)(1), (8); *see* Treas. Reg. §§ 1.61-1(a), 1.61-2(a)(1); *see also Commissioner v. Glenshaw Glass Co.*, 348 U.S. 426, 429–31 (1955).

In cases of unreported income, such as this, the Commissioner must establish "[s]ome reasonable foundation for the assessment." *Erickson v. Commissioner*, 937 F.2d 1548, 1551 (10th Cir. 1991) (emphasis omitted), *aff'g* T.C. Memo. 1989-552. Once the Commissioner introduces substantive evidence linking the taxpayer with the unreported income, the burden shifts to the taxpayer to produce substantial evidence to overcome it. *United States v. McMullin*, 948 F.2d 1188, 1192 (10th Cir. 1991).

Petitioner does not dispute he received the wages and annuity payments reported on the Forms W–2 and 1099–R. This satisfies respondent's threshold burden of production; petitioner therefore bears the burden of proving that respondent's determination is incorrect.

Petitioner maintains that (1) the federal income tax system is one of "voluntary self-assessment"; (2) no federal statute exists that makes individuals liable for the income tax imposed by section 1; (3) Office of Management and Budget (OMB) approval is required for respondent to reconcile individual income tax returns with Forms W–2; and (4) respondent failed to obtain OMB approval requiring him to report wage and pension information on his 2020 Form 1040.

We rejected petitioner's nearly identical arguments in *Christiansen v. Commissioner*, T.C. Memo. 2025-21, at *5–7; for the same reasons petitioner's arguments fail here. We need not elaborate further on his repetitive contentions. *See Crain v. Commissioner*, 737 F.2d 1417, 1417 (5th Cir. 1984) (per curiam) ("We perceive no need to refute these arguments with somber reasoning and copious citation of precedent; to do so might suggest that these arguments have some colorable merit."); *Wnuck v. Commissioner*, 136 T.C. 498, 499 (2011).

**[\*4]**  Petitioner stipulated that he received the wages and annuity payments at issue and has advanced no credible evidence and has offered no nonfrivolous arguments that these wages and annuity payments are not taxable. The linguistic circles he tries to draw in his briefs cannot change the facts or avoid the governing law. We therefore sustain respondent's determination as to the unreported income.

*Section 6662(a) penalty*

Section 6662(a) and (b)(2) imposes an accuracy-related penalty equal to 20% of the portion of an underpayment of tax required to be shown on a return that is attributable to a "substantial understatement of income tax." An understatement of income tax is "substantial" if it exceeds the greater of 10% of the tax required to be shown on the return or $5,000. § 6662(d)(1)(A). Respondent determined an understatement of tax of $5,685, exceeding both 10% of the tax required to be shown on the return and $5,000. *See id.*

The Commissioner generally bears the burden of production with respect to a taxpayer's liability for accuracy-related penalties. § 7491(c). The Commissioner must show compliance with the procedural requirements of section 6751(b) for the accuracy-related penalties imposed. § 7491(c). The record indicates that the accuracy-related penalty here was approved in writing by the examining agent's immediate supervisor before the issuance of the Notice of Deficiency, thereby satisfying the requirements of section 6751(b).

Petitioner disputes the accuracy-related penalty with the same linguistic maneuvers he tried with respect to his unreported income, discussed above. They are just as frivolous and wrong here. We therefore sustain respondent's determination as to the section 6662(a) accuracy-related penalty.

*Section 6673 penalty*

Section 6673(a)(1) authorizes the Court to impose a penalty, not to exceed $25,000, on a taxpayer whenever it appears to the Court that the taxpayer instituted or maintained the proceeding primarily for delay or that the taxpayer's position in the proceeding is frivolous or groundless.

In our Order granting the parties' joint Motion to Submit Case Pursuant to Rule 122, we cautioned petitioner that a section 6673 penalty might be imposed if he advanced arguments that this Court and

**[\*5]** others have deemed frivolous. This Court also warned him in *Christiansen*, T.C. Memo. 2025-21, at \*8,[3] that "a penalty may be imposed in any future case before this Court should [petitioner] continue to pursue [his] misguided positions."

Petitioner did not heed our warnings, instead offering similar arguments in his opening and answering briefs. We therefore will impose a penalty of $1,000 pursuant to section 6673(a)(1) on petitioner. We again warn him that if he does not abandon these misguided positions in future filings before this Court, a greater penalty may be imposed.

To reflect the foregoing,

*An appropriate order and decision will be entered.*

---

[3] We note that the opinion containing this warning was filed March 10, 2025, before petitioner filed his opening brief on March 23, 2025.